B 1 (Official Form 1) (12/07)

| United States Bankruptcy Court<br>Southern District of Florida | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Tousa, Inc.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>f/k/a Technical Olympic USA, Inc.; d/b/a Technical USA, Inc.; d/b/a Engle Homes; d/b/a Newmark Homes, L.P.; d/b/a TOUSA Homes, Inc.; d/b/a Newmark Homes Corporation | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec./Complete EIN or other Tax I.D. No. (if more than one, state all): *Subject to Fed. R. Bankr. P. 9037. See note Below*<br>76-0460831 | Last four digits of Soc. Sec./Complete EIN or other Tax I.D. No. (if more than one, state all): *Subject to Fed. R. Bankr. P. 9037. See note Below* |
| Street Address of Debtor (No. & Street, City, and State):<br>4000 Hollywood Blvd.<br>Ste. 500N<br>Hollywood, FL 33021<br>ZIP CODE 33021-0000 | Street Address of Joint Debtor (No. & Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>Broward | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above): | |

**Type of Debtor** (Form of Organization) (Check one box.)
- [ ] Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- [x] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business** (Check one box.)
- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [x] Other

**Tax-Exempt Entity** (Check box, if applicable.)
- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)
- [ ] Chapter 7
- [ ] Chapter 9
- [x] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box)
- [ ] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- [x] Debts are primarily business debts.

**Filing Fee** (Check one box.)
- [x] Full Filing Fee attached
- [ ] Filing Fee to be paid in installments (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [x] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts owed to non-insiders or affiliates are less than $2,190,000

Check all applicable boxes:
- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**
- [x] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] |

Estimated Assets
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [x] |

Estimated Debts
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [x] |

*Fed. R. Bankr. P. 9037 requires redaction of an individual debtor's taxpayer-identification number (ITIN) -- include last 4 digits only

| B 1 (Official Form 1) (12/07) | | Page 2 |
|---|---|---|
| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | **Name of Debtor(s):**<br>Tousa, Inc. | |

| All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location Where Filed: - None - | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor: See Schedule 1 | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| Exhibit A | Exhibit B<br>(To be completed if debtor is an individual whose debts are primarily consumer debts.) |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☒ Exhibit A is attached and made a part of this petition. | I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>   Signature of Attorney for Debtor(s)      Date |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No, please see Exhibit C.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
*(Check any applicable box)*

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Statement by a Debtor Who Resides as a Tenant of Residential Property**
*Check all applicable boxes.*

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification (11 U.S.C. § 362(l)).

B 1 (Official Form 1) (12/07)                                                                                                          Page 3

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Tousa, Inc.** |

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct. [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b). I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. X _____ Signature of Debtor X _____ Signature of Joint Debtor _____ Telephone Number (If not represented by attorney) _____ Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition. (Check only one box.) ☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached. ☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached. X _____ Signature of Foreign Representative _____ Printed Name of Foreign Representative _____ Date |
| **Signature of Attorney*** X /s/ *(signed)* Signature of Attorney for Debtor(s) **Paul Steven Singerman, Esq.** Printed Name of Attorney for Debtor(s) **Berger Singerman, P.A.** Firm Name **200 South Biscayne Blvd. Suite 1000 Miami, FL 33131** Address **305-714-4343** Telephone Number **January 29, 2008** Date *In a case in which § 707(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | **Signature of Non-Attorney Bankruptcy Petition Preparer** I declare under penalty of perjury that: 1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; 2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, 3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official form 19B is attached. _____ Printed Name and title, if any, of Bankruptcy Petition Preparer _____ Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.) |
| **Signature of Debtor (Corporation/Partnership)** I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor. The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. X /s/ *(signed)* Signature of Authorized Individual **Tommy L. McAden** Printed Name of Authorized Individual **Executive Vice President and Chief Financial Officer** Title of Authorized Individual **January 29, 2008** Date | _____ Address X _____ _____ Date Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above. Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person. *A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.* |

**Schedule 1**
<u>Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor</u>

On January 29, 2008 each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Florida for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code. The Debtors have moved for joint administration of these cases under the number assigned to the chapter 11 case of TOUSA, Inc.

- Engle/Gilligan, LLC
- Engle Homes Delaware, Inc.
- Engle Homes Commercial Construction, LLC
- Engle Homes Residential Construction L.L.C.
- Engle/James LLC
- Engle Sierra Verde P4, LLC
- Engle Sierra Verde P5, LLC
- LB/TE #1, LLC
- Lorton South Condominium, LLC
- McKay Landing LLC
- Newmark Homes, L.L.C.
- Newmark Homes Business Trust
- Newmark Homes Purchasing, L.P.
- Newmark Homes, L.P.
- Preferred Builders Realty, Inc.
- Reflection Key, LLC
- Silverlake Interests, L.L.C.
- TOI, LLC
- TOUSA, LLC
- TOUSA Associates Services Company
- TOUSA Delaware, Inc.
- TOUSA Funding, LLC
- TOUSA Homes, Inc.
- TOUSA Homes, L.P.
- TOUSA Homes Investment #1, Inc.
- TOUSA Homes Florida, L.P.
- TOUSA Homes Investment #2, Inc.
- TOUSA Homes Investment #2, LLC
- TOUSA Realty, Inc.
- TOUSA Investment #2, Inc.
- TOUSA Homes Arizona, LLC
- TOUSA Homes Colorado, LLC
- TOUSA Homes Nevada, LLC
- TOUSA Homes Mid-Atlantic Holding, LLC
- TOUSA Homes Mid-Atlantic, LLC
- TOUSA Mid-Atlantic Investment, LLC
- TOUSA/West Holdings, Inc.

12153645_2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: ) <br><br> TOUSA, INC., et al.,[1] ) <br><br>         Debtors. ) | Chapter 11 Cases <br> Case No. 08- <br> Jointly Administered |

**Exhibit "A" to Voluntary Petition**

1. If any of the Debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is **000-1046578**.

2. The following financial data is the most recent audited information and refers to the Debtor's condition as of **September 30, 2007** unless otherwise specified.

   a. Total assets      $    **2,276,567,000.00**

   b. Total debts (including debts listed in 2.c., below)    $    **1,767,589,000.00**

   c. Debt securities held by more than 500 holders.    **None**    Approximate number of holders

   | | | | | |
   |---|---|---|---|---|
   | secured // | unsecured // | subordinated // | $ _____ | _____ |
   | secured // | unsecured // | subordinated // | $ _____ | _____ |
   | secured // | unsecured // | subordinated // | $ _____ | _____ |
   | secured // | unsecured // | subordinated // | $ _____ | _____ |
   | secured // | unsecured // | subordinated // | $ _____ | _____ |

   d. Number of shares of preferred stock    **117,500**    **18**

   e. Number of shares of common stock    **59,604,169**    **32**

   Comments, if any:

---

[1] The Debtors in the cases are: TOUSA, Inc.; Engle Homes Commercial Construction, LLC; Engle Homes Delaware, Inc.; Engle Homes Residential Construction, L.L.C.; Engle Sierra Verde P4, LLC; Engle Sierra Verde P5, LLC; Engle/Gilligan LLC; Engle/James LLC; LB/TE #1, LLC; Lorton South Condominium, LLC; McKay Landing LLC; Newmark Homes Business Trust; Newmark Homes Purchasing, L.P.; Newmark Homes, L.L.C.; Newmark Homes, L.P.; Preferred Builders Realty, Inc.; Reflection Key, LLC; Silverlake Interests, L.L.C.; TOI, LLC; TOUSA Associates Services Company; TOUSA Delaware, Inc.; TOUSA Funding, LLC; TOUSA Homes Arizona, LLC; TOUSA Homes Colorado, LLC; TOUSA Homes Florida, L.P.; TOUSA Homes Investment #1, Inc.; TOUSA Homes Investment #2, Inc.; TOUSA Homes Investment #2, LLC; TOUSA Homes Mid-Atlantic Holding, LLC; TOUSA Homes Mid-Atlantic, LLC; TOUSA Homes Nevada, LLC; TOUSA Homes, Inc.; TOUSA Homes, L.P.; TOUSA Investment #2, Inc.; TOUSA Mid-Atlantic Investment, LLC; TOUSA Realty, Inc.; TOUSA, LLC; and TOUSA/West Holdings, Inc.

TOUSA, Inc.'s Certificate of Authorization (the "Certificate") authorizes the issuance of 975,000,000 shares of common stock. As of December 31, 2007, 59,604,169 shares of common stock are issued and outstanding. TOUSA, Inc.'s Certificate authorizes the issuance of 3,000,000 share of preferred stock. As of September 30, 2007, 117,500 shares have been issued.

3. Brief description of the Debtor's business:

TOUSA, Inc. through its consolidated subsidiaries and unconsolidated joint ventures (collectively, the "TOUSA Group") design, build and market detached single-family residences, town homes and condominiums in several metropolitan markets divided into four major geographic regions: Florida, the Mid-Atlantic, Texas and the West. As of September 30, 2007, the Debtors controlled approximately 39,500 homesites for development.

4. List the name of any person who directly or indirectly owns, controls or holds, with power to vote, 5% or more of the voting securities of debtor:

Upon information and belief as of December 31, 2007, each of the following persons directly or indirectly own, control or hold, with power to vote, the approximate percentage of voting securities listed in the parenthesis following such person's name: Technical Olympic SA (66.9%); and Cede & Co. (32.8%).

Form B1, Exhibit C
(9/01)

# United States Bankruptcy Court
## Southern District of Florida

In re  **Tousa, Inc.**                                                                 Case No. _____

                                         Debtor(s)                                     Chapter    **11**

## Exhibit "C" to Voluntary Petition

1. Identify and briefly describe all real or personal property owned by or in possession of the debtor that, to the best of the debtor's knowledge, poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

   **None**

2. With respect to each parcel of real property or item of personal property identified in question 1, describe the nature and location of the dangerous condition, whether environmental or otherwise, that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

   **The Debtor is not aware of any definition of "imminent and identifiable harm" as used in this form. The Debtor is subject to a variety of local, state and federal laws and regulations concerning the protection of health and the environment. The Debtor does not believe it owns or possesses property that poses or is alleged to pose a threat of such harm. The Debtor owns or possesses certain property that is subject to investigation or remediation under environmental laws.**

# RESOLUTION OF THE BOARD
# OF DIRECTORS OF TOUSA, INC.

I, Tommy L. McAden, the duly qualified and elected Executive Vice President and Chief Financial Officer of TOUSA, Inc., a Delaware Corporation (the "Company"), hereby certify that at a special meeting of the Board of Directors of the Company duly called and held on January 28, 2008, the following resolutions (collectively, the "Resolutions") were adopted in accordance with the by-laws of the Company and that said Resolutions have not been modified or rescinded and are still in full force and effect on the date hereof:

> WHEREAS, the Board of Directors reviewed the materials presented by the management and the advisors of the Company and regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it and the impact of the foregoing on the Company's businesses and members;

> WHEREAS, the Board of Directors has had the opportunity to consult with the management and the advisors of the Company and fully consider each of the strategic alternatives available to the Company;

I.  **Voluntary Petition Under the Provisions of Chapter 11 of the United States Bankruptcy Code**

> **RESOLVED**, that in the judgment of the Board of Directors of the Company, it is desirable and in the best interests of the Company, its creditors and other parties in interest, that the Company file or cause to be filed a voluntary petition for relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and

> **RESOLVED**, that the officers of the Company (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and they hereby are, authorized and empowered to execute and file on behalf of the Company all petitions, schedules, lists and other motions, papers or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business; and

> **RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Kirkland & Ellis LLP as general bankruptcy counsel to represent and assist the

Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the chapter 11 case and cause to be filed an appropriate application for authority to retain the services of Kirkland & Ellis LLP; and

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Berger Singerman, P.A. as local bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the chapter 11 case and cause to be filed an appropriate application for authority to retain the services of Berger Singerman, P.A.; and

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Greenberg Traurig LLP as special counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the chapter 11 case, and cause to be filed an appropriate application for authority to retain the services of Greenberg Traurig LLP; and

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Ernst & Young LLP as independent auditors and accountants to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the chapter 11 case and cause to be filed an appropriate application for authority to retain the services of Ernst & Young LLP; and

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Lazard Frères & Co.

LLC as financial advisor and investment banker to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the chapter 11 case and cause to be filed an appropriate application for authority to retain the services of Lazard Frères & Co., LLC; and

**RESOLVED,** that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Sitrick and Company as strategic communications advisors to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the chapter 11 case and cause to be filed an appropriate application for authority to retain the services of Sitrick and Company; and

**RESOLVED,** that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of KZC Services, LLC as business advisors to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the chapter 11 case and cause to be filed an appropriate application for authority to retain the services of KZC Services, LLC; and

**RESOLVED,** that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Kurtzman Carson Consultants, LLC as notice, claims and balloting claims agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing of the chapter 11 case and cause to be filed an appropriate application for authority to retain the services of Kurtzman Carson Consultants, LLC; and

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the chapter 11 case and cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and

II. **Debtor in Possession Financing**

**RESOLVED**, that the form, terms and provisions of the Senior Secured Super-Priority Debtor in Possession Credit and Security Agreement (the "DIP Loan Agreement" and together with each other document, instrument or agreement executed by the Company and any other Borrower (defined below) in connection therewith, including, but not limited to, the fee letter, the "DIP Loan Documents"), among TOUSA, as debtor and debtor in possession in a case to be filed under chapter 11 of the Bankruptcy Code, and the domestic subsidiaries of TOUSA that are signatories thereto (each a "Subsidiary Borrower" and collectively, the "Borrowers"), each of which Borrowers will be a debtor and debtor in possession in a case to be filed under chapter 11 of the Bankruptcy Code (the case of TOUSA and the Borrowers, each a "Case" and collectively, the "Cases"), Citigroup Global Markets Inc. ("CGMI"), as lead arranger, syndication agent and sole bookrunner, Citicorp North America, Inc. as administrative agent (the "DIP Agent") and each of the other financial institutions from time to time party to the DIP Loan Agreement (together with DIP Agent, the "DIP Lenders"), which DIP Loan Documents (a) provide the Company with a revolving loan commitment of up to $150 million on a secured super-priority priming lien basis, which commitment is expandable up to $650 million upon the occurrence of certain events following interim approval of the DIP Loan Agreement, (b) require all of the Company's obligations therein to be guaranteed by the Borrowers, and (c) provide for the proceeds therefrom to be used for working capital and for other general corporate purposes of the Borrowers, including postpetition operating expenses of administration of the Cases, in substantially the form submitted to the Board, be, and the same hereby are in all respects approved, and any Authorized Officer or other officer of the Company is hereby authorized and empowered, in the name of and on behalf of the Company, to execute and deliver each of the DIP Loan Documents to which the Company is a party, each in the form or substantially in the form thereof submitted to the Board of

4

Directors of the Company, with such changes, additions and modifications thereto as the officer of the Company executing the same shall approve, such approval to be conclusively evidenced by such officer's execution and delivery thereof; and

**RESOLVED**, that the Company, as debtor and debtor in possession under the Bankruptcy Code shall be, and hereby is, authorized to incur the Obligations (as defined in the DIP Loan Documents) and undertake any and all related transactions contemplated thereby (collectively, the "Financing Transactions"); and

**RESOLVED**, that each and every officer, including the Authorized Officers, of the Company be, and each of them, acting alone, hereby is authorized, directed and empowered from time to time in the name and on behalf of the Company to take any and all such actions, and to execute and deliver or cause to be executed and delivered under seal of the Company or otherwise, any and all such other documents, agreements, certificates, writings and instruments to be delivered in connection with the DIP Loan Documents (including, without limitation, any amendments, supplements or modifications to the DIP Loan Documents and such other documents, agreements, certificates, writings and instruments to be delivered in connection therewith), and to grant the security interests in or liens on any real or personal property of the Company now or hereafter acquired as contemplated by the DIP Loan Documents, with full authority to indorse, assign or guarantee any of the foregoing in the name of the Company, in each case, as any such officer may deem necessary or advisable to carry out the intent and purposes of the immediately foregoing resolution, and his or her execution and delivery thereof to be conclusive evidence that he or she deems in necessary or advisable, his or her execution and delivery thereof to be conclusive evidence of his or her authority, to so act and his or her approval thereof; and

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized and directed, and each of them, acting alone, hereby is, authorized, directed and empowered in the name of, and on behalf of, the Company, as debtor and debtor in possession, to take such actions and execute and deliver (a) the DIP Loan Documents and such agreements, certificates, instruments, guaranties, notices and any and all other documents as the Authorized Officers may deem necessary or appropriate to facilitate the Financing Transactions (collectively, the "Financing Documents"); (b) such other instruments, certificates, notices, assignments and documents as may be reasonably requested by the DIP Agent; and (c) such forms of deposit, account control agreements, officer's certificates and

compliance certificates as may be required by the DIP Loan Documents or any other Financing Document; and

**RESOLVED**, that the Authorized Officers and each other officer of the Company be, and each of them hereby is, authorized and empowered to authorize the DIP Agent to file any Uniform Commercial Code (the "UCC") financing statements and any necessary assignments for security or other documents in the name of the Company that the DIP Agent deems necessary or convenient to perfect any lien or security interest granted under the DIP Loan Documents, including any such UCC financing statement containing a super-generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and such other filings in respect of intellectual and other property of the Company, in each case as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent under the DIP Loan Documents; and

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and empowered to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the Financing Documents, which shall in their sole judgment be necessary, proper or advisable to perform the Company's obligations under or in connection with the DIP Loan Documents or any of the other Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized and empowered to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Loan Documents or any of the Financing Documents which shall in their sole judgment be necessary, proper or advisable; and

**RESOLVED**, that all acts and actions taken by the Authorized Officers prior to the date hereof with respect to the transactions contemplated by the DIP Loan Documents and any of the other Financing Documents be, and hereby are, in all respects confirmed, approved and ratified; and

III.  **Appointment of Chief Restructuring Officer**

**RESOLVED**, that John R. Boken be, and hereby is, appointed as the Chief Restructuring Officer of the Company;

K&E 12149643.8

IV.  **Further Actions and Prior Actions**

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the officers of the Company or their designees shall be, and each of them, acting alone, hereby is, authorized, directed and empowered, in the name of, and on behalf of, the Company, to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments and other documents and to pay all expenses, including filing fees, in each case as in such officer or officers' judgment shall be necessary or desirable to fully carry out the intent and accomplish the purposes of the Resolutions adopted herein; and

**RESOLVED**, that all acts, actions and transactions relating to the matters contemplated by the foregoing Resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing Resolutions except that such acts were taken before these resolutions were certified, are hereby in all respects approved and ratified.

**IN WITNESS WHEREOF**, the undersigned has executed this consent as of the 28th day of January, 2008.

By: _Tommy L. McAden_
Title: Executive Vice President and
Chief Financial Officer