

**ORDERED in the Southern District of Florida on November 25, 2013.**

Robert A. Mark, Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

IN RE

QUAIL TRAVEL GROUP, S.A.,                                  CASE NO.  13-21971-RAM

    Debtor in a Foreign Proceeding.                        CHAPTER 15
_____/

**ORDER ON FOREIGN REPRESENTATIVE'S**
**MOTION FOR RELIEF UNDER 11 U.S.C. § 1521 [ECF No. 39]**

Before the Court is the Foreign Representative's Motion for Relief Under 11 U.S.C. §
1521 (the "Motion for Relief").  The Motion is supported by the Joint Declaration of María José
Paz-Ares Rodríguez and Rodrigo López Gonzalez (ECF No. 39-1), the Declaration of Ángel
Juan Miró Martí (ECF No. 39-2), and the Declaration of Jesus Molina Molina (ECF No. 39-3).
The Court also has before it: the Response to Motion for Relief of Hainan Cruise Enterprises,
S.A. (ECF No. 52); the objection of Jewel Owner Ltd. and Pearl Owner Ltd. to Foreign
Representative's Motion for Relief under 11 U.S.C. § 1521 (ECF No. 53), supported by the

Declaration of William B. Milliken (ECF No. 54); the Foreign Representative's Reply in Support of his Motion for Relief under 11 U.S.C. § 1521 (ECF No. 57); and Hainan's Cross-Reply to Objection of Jewel Owners to Foreign Representative's Motion for Relief under 11 U.S.C. § 1521 (ECF No. 58).

The matter was scheduled for hearing on November 20, 2013 and all parties appeared by counsel. However, the Court determined that no further evidentiary record was required and that the pleadings and declarations submitted were sufficient to enable a ruling without further hearing. The Court entered its ruling on the record, directed the Foreign Representative to submit a proposed order consistent with the ruling and hereby enters this Order to implement that ruling.

### Findings of Fact and Conclusions of Law

The Court enters findings of fact and conclusions of law as follows:

1.      This matter involves a dispute over ownership of property made up of a debt in the amount of $5,000,000 (the "Settlement Payment"), owed by Operadora e Agência de Viagêns Tur Ltda. f/k/a Agência de Viagêns Tur Limitada ("CVC") and other entities and persons (together with CVC, the "CVC Parties") pursuant to a Confidential Global Settlement Agreement and Mutual Release (the "Settlement Agreement"). The Settlement Agreement was entered into on or about July 31, 2012, between the CVC Parties, on the one hand, and Quail Cruises Ship Management Ltd. ("Quail Cruises") and Quail Travel Group, S.A. ("Quail Travel") (collectively with Quail Cruises, the "Quail Group"). The Settlement Agreement became effective, and the Settlement Payment became due and owing, on or about April 9, 2013.

2.      Quail Travel is a debtor in a Spanish bankruptcy proceeding (the "Spanish Proceedings"). Ángel Juan Miró Martí is the insolvency administrator appointed in the Spanish Proceeding. As Foreign Representative, he filed a Verified Petition for Recognition of Foreign Main Proceeding in this Court on May 22, 2013. The Court entered an Order Granting Verified Petition for Recognition of Foreign Proceeding on June 24, 2013 [ECF No 34].

3.     The Foreign Representative asserts that the Settlement Payment is the sole property of Quail Travel.  In the alternative, the Foreign Representative asserts that Quail Travel and Quail Cruises are tenants in common with respect to the Settlement Payment.  In either case, the Foreign Representative asserts that the Attachments (defined below) should be dissolved as to Quail Travel based on an extension of comity to the Spanish Proceeding.

4.     Jewel Owner Ltd. and Pearl Owner Ltd. ("Owners"), assert that the Settlement Payment is property that Quail Cruises owns as trustee of a constructive trust for their benefit. Owners obtained orders in a Florida Circuit Court case enjoining any part of the Settlement Payment from being paid (the "Owners' Orders").

5.     Hainan Cruise Enterprises, S.A. ("Hainan") asserts that Quail Travel does not own the Settlement Payment and that Quail Travel, Quail Cruises and Happy Cruises, S.A., are alter egos of each other, who are all obligated to Hainan.  Hainan attached or garnished the Settlement Payment under Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions in a Southern District of Florida case (the "Hainan case"), and obtained an order enjoining any part of the Settlement Payment from being paid.  Hainan claims rights to the Settlement Payment superior to those of Quail Travel and the Owners.

6.     The Owners' Orders, along with any and all writs of attachment and garnishment and orders entered in the Hainan case that enjoin any part of the Settlement Payment from being paid, are referred to collectively as the "Attachments".

7.     Where there is a bona fide dispute about whether property belongs to a foreign debtor, the Court, before granting relief to a foreign representative, must first make a "threshold determination" that the property does, in fact, belong to the foreign debtor.  *See Koreag, Controle et Revision S.A. v. Refco F/X Assocs., Inc. (In re Koreag, Controle et Revision S.A.)*, 961 F.2d 341, 348-49 (2d Cir. 1992).[1]  Here, there is a bona fide dispute concerning the ownership of the Settlement Payment that this Court must resolve before it can grant relief to the

---

[1] *Koreag* was decided under former § 304 of the Bankruptcy Code.  Decisions under chapter 15, which replaced § 304, recognize the viability of *Koreag. See, e.g.*, *In re Atlas Shipping A/S*, 404 B.R. 726, 725 (Bankr. S.D.N.Y. 2009); *In re Cozumel Caribe, S.A. de C.V.*, 482 B.R. 96, 112  (Bankr. S.D.N.Y. 2012).

Foreign Representative with respect to the Settlement Payment. The issue before the Court, therefore, is whether all or part of the Settlement Payment is the property of Quail Travel; and, if so, whether the Court should grant relief to the Foreign Representative by freeing any Quail Travel property from the Attachments.

8.      The issue of ownership of property is governed by state law and the parties agree that Florida law applies. The Settlement Agreement also calls for the application of Florida law.

9.      The Settlement Agreement provides that the Settlement Payment will be made to the "Quail Group", i.e., to both Quail Travel and Quail Cruises, without allocation. Because the terms of the Settlement Agreement are not ambiguous, no further evidentiary record is required. Under the applicable Florida law and the terms of the Settlement Agreement, Quail travel owns 50% of the Settlement Payment as a tenant in common.[2]

10.      Quail Cruises therefore owns the other 50% of the Settlement Payment, also as a tenant in common. Quail Cruises' rights are subject to the Attachments, specifically (a) the constructive trust asserted by the Owners and the Owners' Orders and (b) any and all writs of attachment and garnishment and orders entered in the Hainan case that enjoin any part of the Settlement Payment from being paid. It is up to those parties to resolve their competing claims to the Quail Cruises 50% interest in the Settlement Payment.

11.      Based on the above findings and rulings, the Court grants the Foreign Representative's alternative request in the Motion for Relief as set forth herein. Therefore, it is –

**ORDERED** as follows:

1.      Quail Travel and Quail Cruises are tenants in common, each with an undivided 50% interest in the Settlement Payment.

2.      The Attachments on Quail Travel's interest in the Settlement Payment are vacated on grounds of international comity. For the sake of clarity, the Attachments no longer forbid any part of Quail Travel's interest in the Settlement Payment from being made in accordance with the Settlement Agreement.

---

[2] The Court adopts the discussion of Florida law at pages 22-25 of the Motion for Relief.

      3.      Upon this Order becoming final and non-appealable, the Clerk is directed to close the case.

###

Submitted by:              Brian W. Toth
                                Holland & Knight, LLP
                                701 Brickell Avenue, Suite 3000
                                Miami, Florida 33131
                                Telephone: (305) 374-8500
                                E-mail:  brian.toth@hklaw.com


Copies furnished to:

Brian W. Toth, Esq.

[Attorney Toth is directed to serve copies of this order on all interested parties and to file a certificate of service]

#26512093_v1