

**ORDERED in the Southern District of Florida on January 31, 2008.**

**John K. Olson, Judge**
**United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | ) Chapter 11 Cases |
| | ) Case No. 08- 10928-JKO |
| TOUSA, INC., *et al.*,[1] | ) Jointly Administered |
| | ) |
| Debtors. | ) |
| | ) |

**INTERIM AND FINAL ORDER (A) AUTHORIZING THE DEBTORS**
**TO PAY OR HONOR PREPETITION OBLIGATIONS TO CERTAIN**
**CRITICAL VENDORS AND (B) AUTHORIZING FINANCIAL INSTITUTIONS**
**TO HONOR ALL RELATED CHECKS AND ELECTRONIC PAYMENT REQUESTS**

Upon the motion [CP #12] (the "Motion") of the above-captioned debtors and debtors in

possession (collectively, the "Debtors") for the entry of an order authorizing, but not directing, the

Debtors to pay certain Critical Vendors (as defined below) pursuant to the terms set forth below; and

---

[1]    The Debtors in the cases are:  TOUSA, Inc.; Engle Homes Commercial Construction, LLC; Engle Homes Delaware, Inc.; Engle Homes Residential Construction, L.L.C.; Engle Sierra Verde P4, LLC; Engle Sierra Verde P5, LLC; Engle/Gilligan LLC; Engle/James LLC; LB/TE #1, LLC; Lorton South Condominium, LLC; McKay Landing LLC; Newmark Homes Business Trust; Newmark Homes Purchasing, L.P.; Newmark Homes, L.L.C.; Newmark Homes, L.P.; Preferred Builders Realty, Inc.; Reflection Key, LLC; Silverlake Interests, L.L.C.; TOI, LLC; TOUSA Associates Services Company; TOUSA Delaware, Inc.; TOUSA Funding, LLC; TOUSA Homes Arizona, LLC; TOUSA Homes Colorado, LLC; TOUSA Homes Florida, L.P.; TOUSA Homes Investment #1, Inc.; TOUSA Homes Investment #2, Inc.; TOUSA Homes Investment #2, LLC; TOUSA Homes Mid-Atlantic Holding, LLC; TOUSA Homes Mid-Atlantic, LLC; TOUSA Homes Nevada, LLC; TOUSA Homes, Inc.; TOUSA Homes, L.P.; TOUSA Investment #2, Inc.; TOUSA Mid-Atlantic Investment, LLC; TOUSA Realty, Inc.; TOUSA, LLC; and TOUSA/West Holdings, Inc.

upon the Declaration of Tommy L. McAden, Executive Vice President and Chief Financial Officer of TOUSA, Inc., in Support of First Day Pleadings; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that the relief requested by the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates; and good, adequate and sufficient cause has been shown to justify the immediate entry of this order; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor, it is **ORDERED** that:

1.    The Motion is granted.

2.    The Debtors are authorized, but not required, to pay or honor prepetition obligations to certain essential vendors that (a) provide either (i) "single source" goods or (ii) other goods and services that are essential to the Debtors' operations and that cannot be obtained elsewhere or cannot be replaced except at exorbitant additional cost or excessive delay and (b) do not have long-term written supply contracts or other relationships with the Debtors such that they could be compelled to continue providing goods or services to the Debtors postpetition (collectively, the "Critical Vendors").[2]

---

[2]    From time to time and in the ordinary course of business, the Debtors advance costs of construction with respect to their contractual obligations under certain joint venture agreements and land bank agreements, pursuant to which such costs are reimbursed to the Debtors by a third party.  To the extent such reimbursements would fund payment of prepetition claims, payment of such claims is not a use of the Debtors' property and does not fall within the scope of this Order.

3.      The Debtors are authorized, upon consultation with the agent for the Debtors'
proposed postpetition secured financing (the "DIP Agent"), to pay all or part of the prepetition claims
of Critical Vendors, in an aggregate amount not to exceed $5 million (the "Critical Vendor Fund")
upon such terms and in the manner provided for in this order.

4.      The Debtors are authorized, but not directed, to make full or partial payment to a
Critical Vendor from the Critical Vendor Fund only to the extent that the Debtors deem, in the
exercise of their business judgment, upon consultation with the DIP Agent, and after negotiation, that
such payment is necessary to ensure that the particular Critical Vendor will provide necessary goods
and services to the Debtors on a postpetition basis.

5.      The Debtors shall make a reasonable effort to condition payment to any Critical
Vendor upon an agreement by the Critical Vendor in question to provide reasonable and customary
price, service, quality and payment terms ("Customary Trade Terms") to the Debtors on a
postpetition basis

6.      The Debtors shall send a letter substantially in the form attached hereto as Exhibit 1
to Critical Vendors, along with a copy of the order granting the Motion.  The checks used to pay
Critical Vendor Claims (to the extent checks are issued) or the letter attached hereto as Exhibit 1 (to
the extent payments are made by electronic transfer) shall contain a legend substantially in the
following form:

> By accepting payment, the payee agrees to the terms of that certain Order of
> the United States Bankruptcy Court of the Southern District of Florida (the
> "Bankruptcy Court"), dated January __, 2008, in the payor's Chapter 11 case
> (Jointly Administered under Case No. 08- 10928-JKO, entitled "Order
> (A) Authorizing the Debtors to Pay or Honor Prepetition Obligations to
> Certain Critical Vendors and (B) Authorizing Financial Institutions to Honor
> All Related Checks and Electronic Payment Requests" and submits to the
> jurisdiction of the Bankruptcy Court for enforcement thereof.

7.      The letter sent to Critical Vendors shall include, without limitation, the following
information and terms:

a. The amount of such Critical Vendor's estimated Critical Vendor Claim, accounting for any setoffs, other credits and discounts thereto, which shall be mutually determined in good faith by the Critical Vendor and the Debtors (but such amount shall be used only for the purposes of determining such Critical Vendor Claim under the Critical Vendor Order and shall not be deemed a claim allowed by the Court, and the rights of all interested persons to object to such claim shall be fully preserved until further order of the Court);

b. The Customary Trade Terms between such Critical Vendor and the Debtors, or such other terms as the Critical Vendors and the Debtors may agree, and the Critical Vendor's agreement to provide goods and services to the Debtors based upon Customary Trade Terms or upon such other favorable terms as the Debtors and the Critical Vendor may agree;

c. The Critical Vendor's acknowledgement that it has reviewed the terms and provisions of the Critical Vendor Order and consents to be bound thereby; and

d. The Critical Vendor's agreement that it will not separately seek payment for reclamation claims outside the terms of the Critical Vendor Order unless the Critical Vendor's participation in the program to pay Critical Vendor Claims pursuant to the Critical Vendor Order is terminated; provided, however, that such reclamation claims shall, if thereafter raised by the Critical Vendor as permitted by the Critical Vendor Order, be treated as though raised on the date of the Critical Vendor Order.

Such a letter, once agreed to and accepted by a Critical Vendor, shall be referred to herein as a "Vendor Agreement."

8. The Debtors are authorized, but not required, to enter into Vendor Agreements, it being the express intention of the Court that the Debtors shall enter into Vendor Agreements only when the Debtors determine, in the exercise of their reasonable business judgment, that it is appropriate to do so.

9. The Debtors are authorized to pay any Critical Vendor claim even if the Debtors and the Critical Vendor in question have not, despite diligent efforts, entered into a Vendor Agreement, if the Debtors determine, in their business judgment and upon consultation with the DIP Agent, that

failure to pay the Critical Vendor claim is likely to result in irreparable harm to the Debtors' business operations.

10.    If a Critical Vendor refuses to supply goods and/or services to the Debtors on Customary Trade Terms following receipt of payment on its Critical Vendor Claim, or fails to comply with any Vendor Agreement entered into between such Critical Vendor and the Debtors, the Debtors may, in their sole discretion and without further order of the Court, declare that such Critical Vendor is in breach of its Vendor Agreement with the Debtors.  To the extent such Critical Vendor fails to cure such default or reach a more favorable alternative agreement with the Debtors, the Debtors may seek appropriate relief from the Court, including, without limitation, injunctive relief to compel performance pursuant to the existing Vendor Agreement.

11.    If a Critical Vendor fails to comply with the agreed Customary Trade Terms, any payment made to such Critical Vendor on account of its prepetition claim shall be deemed to have been in payment of then outstanding postpetition obligations owed to such Critical Vendor, and such Critical Vendor shall be required to immediately repay to the Debtors any payment made to it on account of its prepetition claim to the extent the aggregate amount of such payments exceed the postpetition obligations then outstanding, without the right of any setoffs, claims, provision for payment of reclamation or trust fund claims, or otherwise.

12.    The Debtors shall maintain a summary list of all payments to Critical Vendors, and provide updated copies of such list to the Office of the United States Trustee for the Southern District of Florida, counsel to the agents for the Debtors' prepetition secured lenders, counsel to the DIP Agent and counsel to any official committee appointed in these cases on a monthly basis.

13.    The Debtors are hereby authorized to issue postpetition checks and to make postpetition fund transfer requests to replace any prepetition checks and prepetition transfers to Critical Vendors that may be dishonored by any bank.

14.     Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall constitute, nor is it intended to constitute, the Debtors' assumption of any contract or agreement under 11 U.S.C. § 365.

15.     Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person or entity.

16.     Nothing herein shall prejudice the Debtors' rights to request additional authority to pay Critical Vendor claims pursuant to this order.

17.     All financial institutions are authorized to receive, process, honor and pay all checks presented for payment and electronic payment requests relating to the relief requested in the Motion.

18.     Any payment made pursuant to this order is not intended and should not be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

19.     The requirements for emergency motions set forth in Rule 9075-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of Florida (the "Local Rules") are satisfied by the contents of the Motion or otherwise deemed waived.

20.     The requirements set forth in Rule 6003(b) of the Federal Rules of Bankruptcy Procedure and Local Rule 9013-1(K) are satisfied by the contents of the Motion or otherwise deemed waived.

21.     The relief granted herein shall be binding upon any chapter 11 trustee appointed in these chapter 11 cases and upon any chapter 7 trustee appointed in the event of a subsequent conversion of these chapter 11 cases to cases under chapter 7.

22.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Motion.

23.     Notwithstanding the possible applicability of Rules 6004(h), 7062 or 9014 of the Federal Rules of Bankruptcy Procedure, the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

24.     All time periods set forth in this order shall be calculated in accordance with Rule 9006(a) of the Federal Rules of Bankruptcy Procedure.

25.     To the extent that this order is inconsistent with any prior order or pleading with respect to the Motion in these cases, the terms of this order shall govern.

26.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this order.

27.     Any objections to the relief requested in the Motion on a permanent basis must be filed no later than February 11, 2008 at 4:00 p.m. (Eastern Time) (the "Objection Deadline").  If an objection is timely filed and served so as to be received on or before the Objection Deadline, such objection shall be set for hearing on February 28, 2008 at 9:30 a.m. (Eastern Time).  This Order, and all acts taken in furtherance of or reliance upon this Order, shall be effective notwithstanding the filing of an objection.

28.     In the event that no objection to the Motion or this Order is timely filed and served, then this Order shall become a final order as of the day immediately following the Objection Deadline, *nunc pro tunc* to January 29, 2008, without further hearing or order of this Court.

# # #

Submitted by:

**BERGER SINGERMAN, P.A.**
Paul Steven Singerman (Florida Bar No. 378860)
200 South Biscayne Boulevard, Suite 1000
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile:  (305) 714-4340

    -and-

**KIRKLAND & ELLIS LLP**
Richard M. Cieri (New York Bar No. 420712)
Paul M. Basta (New York Bar No. 2568046)
M. Natasha Labovitz (New York Bar No. 2813251)
Citigroup Center
153 East 53rd Street
New York, NY 10022
Telephone: (212) 446-4800
Facsimile:  (212) 446-4900

*Proposed Co-Counsel to the Debtors*

Copies to:
Paul Steven Singerman
*(Attorney Singerman shall upon receipt serve a copy of this Order upon all interested parties and file a certificate of service.)*

**Exhibit 1**

**Form of Vendor Agreement**

_____ __, 200_


TO:     [Critical Vendor]
        [Name]
        [Address]

Dear Valued Vendor:

As you are no doubt aware, on January 29, 2008 (the "Petition Date"), _____and certain of its affiliates (collectively, the "Debtors") filed voluntary petitions for relief (the "Chapter 11 Cases") under title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court"). On the Petition Date, we requested the Bankruptcy Court's authority to pay certain critical suppliers or service providers in recognition of the importance of our relationship with such suppliers and service providers and our desire that the Chapter 11 Cases have as little effect on them as possible. On January __, 2008, the Bankruptcy Court entered an order (the "Order") authorizing us, under certain conditions, to pay pre-bankruptcy claims of certain trade creditors that agree to the terms set forth below and agree to be bound by the terms of the Order. A copy of the Order is enclosed.

To receive payment on pre-bankruptcy claims, each selected critical vendor must agree to continue supplying goods or services to the Debtors based on acceptable and "Customary Trade Terms." Customary Trade Terms are defined as the normal and customary trade terms in effect between such creditor and the Debtors pursuant to the master agreement between the parties or such other trade terms, practices and programs that are at least as favorable to the Debtors as those in effect prior to the Petition Date.

For purposes of administration of this trade program as authorized by the Bankruptcy Court, the Debtors and you agree as follows:

1.      The estimated Balance of the Prepetition claim (net of any setoffs, credits or discounts (the "Claim")) that the Debtors will pay you is $_____ (the "Prepetition Claim Payment").


3.      You will hereafter extend to the Debtors terms at least as good as all Customary Trade Terms.

Payment of your Claim in the manner set forth in the Order may occur only upon execution of this letter by a duly authorized representative of your company and the return of this letter to the Debtors. Your execution of this letter agreement and return of the same to the Debtors constitutes an agreement by you and the Debtors. You agree to be bound by the Order and you submit to the jurisdiction of the Bankruptcy Court for enforcement thereof, and you further agree and/or represent

        (a)     to the Customary Trade Terms and, subject to the reservations contained in the Order, to the amount of the Trade Claim set forth above;

B-1

(b)    that, from and after the Petition Date, you will continue to supply the Debtors with goods or services, as applicable, pursuant to the Customary Trade Terms and that the Debtors will pay for such goods in accordance with Customary Trade Terms;

(c)    that you have reviewed the terms and provisions of the Order and that you consent to be bound by such terms; and

(d)    that you will not separately seek payment for reclamation and similar claims outside the terms of the Order unless your participation in the program to pay Critical Vendor claims pursuant to the Order is terminated' provided, however, that such reclamation claims shall, if thereafter raised by you as permitted by the Order, be treated as though raised on the date of the Order.

5.    Notwithstanding the foregoing, if you receive the Prepetition Claim Payment from the Debtors based on any pre-bankruptcy amount owing to you and you do not extend to the Debtors all Customary Trade Terms, you are required to return the Prepetition Claim Payment to the Debtors.

The Debtors and you also hereby agree that any dispute with respect to this agreement, the Order and/or your participation in the Trade Payment Program shall be determined by the Bankruptcy Court.

If your have any questions about this Agreement or our financial restructuring, please do not hesitate to call (_____) _____ or (_____) _____.

Sincerely,

_____

By: _____
Its: _____

Agreed and Accepted By:
[Name of Vendor]

By: _____
Its: _____
Dated _____

B-2