UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: ) | Chapter 11 Cases |
| ) | Case No. 08- 10928-JKO |
| TOUSA, INC., *et al*., ) | Jointly Administered |
| ) | |
| Debtors. ) | |
| ) | |

### DEBTORS' MOTION FOR APPROVAL OF SETTLEMENT PROCEDURES AND SETTLEMENT TERMS FOR PREFERENCE ACTIONS

Pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. § 101 *et seq* (the "Bankruptcy Code"), and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), TOUSA, Inc. and its affiliated debtors and debtors in possession in the above-captioned, jointly administered chapter 11 cases (collectively, the "Debtors"), in conjunction with their *Application for Approval of (I) Expanded Scope of Employment of Co-Counsel, Paul Steven Singerman, Esq., and the Law Firm of Berger Singerman, P.A. to Include Prosecution of the Estates' Preference Actions and (II) of Contingency Fee Arrangement* (the "Application") filed contemporaneously herewith, hereby move the Court to enter an order approving settlement procedures and settlement terms for the preference actions that are brought by Berger Singerman P.A. ("BSPA") under sections 547 and 550 of the Bankruptcy Code (the "Preference Actions") according to the procedures and terms more fully described below, and state:

### Jurisdiction

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2124499-1

**Background**

2. On January 29, 2008 (the "Petition Date"), TOUSA, Inc. ("TOUSA") and its affiliated debtors and debtors in possession in the above-captioned, jointly administered chapter 11 cases (together with TOUSA, the "Debtors") commenced bankruptcy cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

3. On March 6, 2008, this Court entered a *Final Order Authorizing the Employment and Retention of Berger Singerman, P.A., as Attorneys for the Debtors and Debtors In Possession Nunc Pro Tunc to the Petition Date* [D.E. 544] (the "BSPA Order").

4. The Debtors have contemporaneously with this motion sought Court approval of the expanded scope of the retention of Paul Steven Singerman and BSPA in order to allow BSPA to prosecute the Preference Actions (as such term is defined in the Application) on a contingent fee basis.

5. The Debtors believe that their bankruptcy estates (collectively, the "Estates") hold many valid claims under section 547 and 550 of the Bankruptcy Code for avoidance and recovery of preferential pre-petition transfers.

**Relief Requested**

6. In conjunction with the Application and in order to effectively and efficiently realize value for the Debtors' Estates, the Debtors' seek Court approval of certain settlement procedures and terms, thereby allowing the Debtors' the flexibility to resolve many of the Preference Actions without the need for repeated Court hearings and without incurring the expense attendant thereto.

7. The Debtors' propose the following procedures and terms:

   a. For settlements of claims where the amount demanded is less than $75,000, no further Court approval shall be required.

2124499-1                                    2

    b.    For settlements of claims where the amount demanded is between $75,001 and $150,000, no further Court approval shall be required if the settlement amount is equal to or greater than 65% of the amount demanded.

    c.    For settlements of claims where the amount demanded is between $150,001 to $500,000 approval to enter in the Settlement agreement shall be required from the liquidating trustee (or a like fiduciary) installed pursuant to a plan of liquidation that may be confirmed by the Court, with no further Court approval; provided, however, if settlements are reached prior to confirmation of the Debtors plan of liquidation, then the Debtors shall seek Court approval thereof.

    d.    For settlements of claims where the amount demanded is greater than $500,001 Court approval shall be required.

    e.    Whenever Court approval is required by these procedures, such approval may be obtained in accordance with the applicable rules, including the Federal Rules of Bankruptcy Procedure and the local rules of this Court permitting the use of negative notice.

    f.    Notwithstanding the foregoing, the Debtors may seek further Court approval of any settlement they consider to be in the best interests of the Debtors' Estates. Such approval may be obtained in accordance with the applicable rules, including the Federal Rules of Bankruptcy Procedure and the local rules of this Court permitting the use of negative notice.

8. Court approval of these procedures is in the best interest of the Debtors' Estates as it will permit the efficient prosecution and resolution of the many anticipated preference actions.

9. The Debtors' seeks approval of the settlement procedures outlined above pursuant to Bankruptcy Rule 9019(b) and section 105 of the Bankruptcy Code. Bankruptcy Rule 9019(b) provides that "[a]fter a hearing on such notice as the court may direct, **the court may fix a class or classes of controversies and authorize the trustee to compromise or settle controversies within such class or classes without further hearing or notice**." Fed. R. Bankr. P. 9019(b) (emphasis added). Thus, Bankruptcy Rule 9019(b) authorizes the streamlining of settlements

where there are a considerable amount of actions involved, as is the case here with respect to the alleged preferences. As set forth in Collier's:

> There are occasions in which a trustee will file a large number of causes of action against a number of individual defendants. For example, actions to recover numerous preferences may involve similar issues and seek recovery within a limited amount. In such situations, settlements are often reached with many of the defendants during the course of the litigation. Recognizing that forcing the trustee to file a new motion each time a settlement is reached would be onerous and burdensome, Rule 9019(b) authorizes the court, after hearing on such notice as the court directs, to fix a class or classes of controversies and authorize the trustee to compromise or settle controversies within such class or classes without further hearing or notice.
>
> In the example postulated above, involving numerous preference actions, the court may enter an order authorizing the trustee to settle any such matter without further hearing as long as the compromise amount is not less than a certain percentage of the recovery sought in the complaint. Other conditions for the permissible range of settlements without further court order may be imposed as the court sees fit.

See 10 Lawrence P. King et al., Collier on Bankruptcy ¶ 9019.03, at 9019-5 to 9019-6 (15th ed. rev. 2007). Likewise, Bankruptcy Rule 9019(b) (and its predecessor provisions from the Bankruptcy Act) contemplates such procedures when dealing with hundreds or thousands of smaller claims that have been asserted against a debtor's estate. See Scott v. Jones, 118 F.2d 30, 31 (10th Cir. 1941) (noting that the "power [of] the bankruptcy court to dispose of claims or assets of doubtful value in an expeditious manner, other than in the usual and ordinary manner prescribed by statute for marshalling the assets of a bankrupt estate.") see also 11 U.S.C. § 105(a) ("The court may issue any order, process, judgment that is necessary or appropriate to carry out the provisions of this title."

10. Accordingly, the Bankruptcy Code and the Bankruptcy Rules contemplate this sort of relief in order to streamline the process of resolving preference matters. In addition, these

procedures will allow the Debtors to keep confidential the terms of the settlements of such matters, so as not to provide any unfair advantage to other creditors or preference defendants

WHEREFORE, the Debtors respectfully request that this Court enter an Order approving the above described settlement procedures and terms and granting any other or further relief that this Court deems just and proper.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1.

Dated:  June 5, 2009

Respectfully submitted,

**BERGER SINGERMAN, P.A.**

*/s/ Paul Steven Singerman*
Paul Steven Singerman (Florida Bar No. 378860)
200 Biscayne Boulevard, Suite 1000
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile:  (305) 714-4340

-and-

**KIRKLAND & ELLIS LLP**
Richard M. Cieri (New York Bar No. 4207122)
Paul M. Basta (New York Bar No. 2568046)
M. Natasha Labovitz (New York Bar No. 2813251)
Citigroup Center
153 East 53rd Street
New York, NY 10022
Telephone: (212) 446-4800
Facsimile:  (212) 446-4900

*Co-Counsel to the Debtors*

2124499-1                           5