

**ORDERED in the Southern District of Florida on July 14, 2009.**

_____
John K. Olson, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

| In re: | ) | Chapter 11 Cases |
|---|---|---|
|  | ) | Case No. 08-10928-JKO |
| TOUSA, INC., *et al.*, | ) | Jointly Administered |
|  | ) |  |
| Debtors. | ) |  |
|  | ) |  |

**AGREED ORDER APPROVING SETTLEMENT PROCEDURES**
**AND SETTLEMENT TERMS FOR PREFERENCE ACTIONS**

THIS MATTER came before the Court on July 13, 2009 upon the Debtors' *Application For Approval of Settlement Procedures and Settlement Terms For Preference Actions* [D.E. #2844] (the "Motion"). The Motion requests that this Court approve the settlement procedures and settlement terms for the preference actions that are brought by the law firm of Berger Singerman, P.A. ("BSPA") pursuant to sections 547 and 550 of the Bankruptcy Code (the "Preference Actions"). The Court having considered the Motion and the relevant docket pleadings; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and all other parties in interest; and the Court having jurisdiction

to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and upon the presentation by counsel at the hearing before the Court that the relief being granted by this order resolves the concerns of the Official Committee of Unsecured Creditors (the "Committee") and any objections to the Motion having been withdrawn or resolved; and sufficient cause appearing therefor, it is **ORDERED** that:

1. The Motion is GRANTED.

2. Pursuant to Bankruptcy Rule 9019(b) and 11 U.S.C. §105 the Debtors are authorized to settle the Preference Actions on the following terms:

> A. <u>Creditor Representative</u>: Until the effective date of a plan of reorganization, the Creditor Representative for the following procedures shall be the Committee. Following the effective date of a plan of reorganization, the Creditor Representative shall be the trustee for any litigation trust established for the benefit of creditors pursuant to such plan, or such other representative as designated by the Bankruptcy Court at the time of plan confirmation.
>
> B. <u>Amount demanded less than $250,000 (provided that the target was not an insider at the time of the transfer)</u>: No court approval is required, subject to:
>
>> (i) lack of objection by the Creditor Representative, according to the following procedures:
>>
>>> (a) the Debtors will provide the Creditor Representative on a confidential basis with information regarding the proposed settlement, including the amount demanded, the amount of the proposed settlement and a summary analysis of potential defenses to the preference claim (the "Analysis");
>>>
>>> (b) if within 5 business days of receipt of the Analysis the Creditor Representative does not indicate an objection or request more information regarding the settlement, then the settlement is deemed approved by the Creditor Representative; and
>>>
>>> (c) if the Creditor Representative requests more information within 5 business days of receipt of the Analysis, the Debtors shall provide additional information and the settlement shall not be deemed approved by the Creditor Representative unless the Creditor Representative (or its advisors) so indicates in writing.

(ii) In addition to the procedures set forth above regarding notice to the Creditors Representative, until such time as a plan of reorganization is confirmed, the Debtors will provide notice to (a) counsel for the Administrative Agent for First Lien Lenders, Chadbourne & Parke LLP, and (b) counsel for the Agent for the Second Lien Lenders, Bracewell & Giuliani LLP, on a confidential basis, regarding any proposed settlement in excess of $100,000. Such notice will be limited to the amount demanded and the amount of the proposed settlement.

C.  <u>Amount demanded greater than $250,000 (or any claim as to which the target was an insider at the time of the transfer)</u>:  Court approval, on motion and notice, is required (subject to modification in procedures by later order of the Court in connection with confirmation of a chapter 11 plan of reorganization).

D.  <u>Motion procedures</u>:  Approval of any settlement may be sought in accordance with applicable rules and orders, including the Federal Rules of Bankruptcy Procedure, the local rules of the Court and the Court's order in these chapter 11 case regarding case administration procedures.  For the avoidance of doubt, omnibus motions for approval of multiple settlements are expressly permitted, and any motion for approval of a settlement may be filed using a negative-notice procedure consistent with applicable rules and orders.  No motion for approval of a settlement will be filed without the prior review and consent of the Creditor Representative, unless the Debtors determine that such consent has been withheld in bad faith or in violation of the Creditor Representative's fiduciary obligations.

E.  <u>Privileges</u>:  All confidential communications between the Debtors and the Creditor Representative regarding review and approval of settlements by the Creditor Representative shall be deemed to be exchanged in furtherance of pursuit and/or settlement of litigation in which the Debtors and the Creditor Representative have a common interest and therefore shall be entitled to the benefit of attorney client privilege.

3.  Any discrepancy between the procedures contained in this Order and the Motion shall be resolved in favor of the procedures in this Order.  These procedures shall remain in effect unless modified by subsequent Court Order.

4. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

# # #

Submitted by:

**BERGER SINGERMAN, P.A.**
Paul Steven Singerman (Florida Bar No. 378860)
200 South Biscayne Boulevard, Suite 1000
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile:  (305) 714-4340

    -and-

**KIRKLAND & ELLIS LLP**
Richard M. Cieri (New York Bar No. 420712)
Paul M. Basta (New York Bar No. 2568046)
M. Natasha Labovitz (New York Bar No. 2813251)
Citigroup Center
153 East 53rd Street
New York, NY 10022
Telephone: (212) 446-4800
Facsimile:  (212) 446-4900

*Co-Counsel to the Debtors*

Copies to:
Paul Steven Singerman
*(Attorney Singerman shall upon receipt serve a copy of this Order upon all interested parties and file a certificate of service.)*