UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: ) | Case No. 08-10928-BKC-JKO |
| ) | Jointly Administered |
| TOUSA, INC., *et al.*, ) | Chapter 11 |
| ) | |
| Debtors. ) | |
| ) | |

**LIMITED OBJECTION OF BOND SAFEGUARD INSURANCE COMPANY AND LEXON INSURANCE COMPANY TO DEBTORS' MOTION FOR (I) ORDER (A) APPROVING BIDDING PROCEDURES, BREAK-UP FEE AND EXPENSE REIMBURSEMENT PURSUANT TO AGREEMENT OF PURCHASE AND SALE AMONG TOUSA HOMES, INC., TOUSA HOMES FLORIDA, L.P. AND STARWOOD LAND VENTURES, L.L.C.; (B) SCHEDULING HEARING TO CONSIDER APPROVAL OF SALE OF SUBSTANTIALLY ALL THE DEBTORS' FLORIDA ASSETS; (C) APPROVING FORM AND MANNER OF NOTICE OF SALE; (D) APPROVING FORM AND MANNER OF ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (E) GRANTING RELATED RELIEF; AND (II) ORDER (A) APPROVING THE SALE OF SUBSTANTIALLY ALL THE DEBTORS' FLORIDA ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (C) AUTHORIZING THE BUYER'S ASSUMPTION OF CERTAIN LIABILITIES; AND (D) GRANTING RELATED RELIEF [D.E. 3355]**

Bond Safeguard Insurance Company and Lexon Insurance Company (collectively, "Bond Safeguard"), by and through undersigned counsel, files this limited objection to the Motion For (I) Order (A) Approving Bidding Procedures, Break-Up Fee and Expense Reimbursement Pursuant to Agreement of Purchase and Sale Among Tousa Homes, Inc., Tousa Homes Florida, L.P. and Starwood Land Ventures, L.L.C.; (B) Scheduling Hearing to Consider Approval of Sale of Substantially all the Debtors' Florida Assets; (C) Approving Form and Manner of Notice of Sale; (D) Approving Form and Manner of Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (E) Granting Related Relief; and (II) Order (A) Approving the Sale of Substantially all the Debtors' Florida Assets Free and Clear of all Liens, Claims, Encumbrances and Interests; (B) Authorizing the Assumption and Assignment of Certain

\260015\40 - # 200905 v1

Executory Contracts and Unexpired Leases; (C) Authorizing the Buyer's Assumption of Certain Liabilities; and (D) Granting Related Relief [D.E. 3355] (the "Sale Motion") filed by TOUSA, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), and in support thereof states as follows:

## LIMITED OBJECTION TO SALE MOTION

1.      By the Sale Motion and Agreement of Purchase and Sale attached thereto as Exhibit A (the "Sale Contract")[1], the Debtors propose to sell, among other "Property" defined in paragraph 1(aa) of the Sale Contract, all "improvement bonds [and] bonds and other collateral posted with governmental authorities and the right to use such items, in each case (to the extent transferrable) and to the extent Seller may grant the right to use such items, at the sole cost to Buyer and to the extent primarily pertaining to the Real Property."

2.      Bond Safeguard as surety and certain of the Debtors as principals/obligors are parties to a number of surety bonds in respect of the infrastructure at certain of the Debtors' properties. To the extent such bonds are considered executory contracts[2] subject to the provisions of 11 U.S.C. § 365, they were not included in the list of assumed contracts designated by the Stalking Horse, Starwood Land Ventures, L.L.C. under the Sale Contract and identified on the notice served by the Debtors on December 23, 2009. *See* D.E. 3452, Ex. A.  However, if other Bidders that are expected to submit competing bids considered the bonds executory contracts, such bonds would not be assumable (nor assignable) by the Debtors under section 365(c) because (i) under applicable law, such bonds cannot be transferred to a third party without

---

[1]      Under the Order approving the Sale Motion entered on December 12, 2009 [D.E. 3432], Bidders, other than the Stalking Horse, Starwood Land Ventures, L.L.C., were permitted to amend and/or modify the Agreement of Purchase and Sale.  Bond Safeguard does not believe that other Bidders would have altered the description of Assets to be acquired and hence in an abundance of caution, has filed this Limited Objection to the Sale Motion.

[2]      There appears to be a split of authority over whether surety bonds are considered executory contracts in bankruptcy.  *Compare In re Evans Prods. Co.*, 91 B.R. 1003, 1006 (Bankr. S.D. Fla. 1988) (Britton, C.J.) (bond is executory contract) *with In re Gov't Sec. Corp.*, 111 B.R. 1007, 1012 (S.D. Fla. 1990) (Spellman, J.), *aff'd* 972 F.2d 328 (11th Cir. 1992) (bond is not an executory contract).

\260015\40 - # 200905 v1               2

Bond Safeguard's consent (*see* section 365(c)(1)(A) and cases cited in par. 3 below); and (ii) in any event, such bonds constitute non-assumable "financial accommodations" contracts under section 365(c)(2). *See, e.g., In re Sun Runner Marine, Inc.*, 945 F.2d 1089, 1091 (9th Cir. 1991) (recognizing surety bond is financial accommodations contract under section 365(c)(2)); *In re Edwards Mobile Home Sales, Inc.*, 119 B.R. 857, 859 (Bankr. M.D. Fla. 1990) (same).  Bond Safeguard does not consent to the Debtors' transfer of its bonds.

3. To the extent the surety bonds are not considered executory contracts, applicable law prohibits the Debtors' transfer of the bonds as an asset of the estate to a third party without Bond Safeguard's consent because the replacement of the Debtors with a new principal/obligor under such bonds would constitute a material modification thereof. *See St. Petersburg Bank & Trust Co. v. Boutin*, 445 F.2d 1028, 1031 (5th Cir. 1971); *John T. Callahan & Sons, Inc. v. Dykeman Elec. Co.*, 266 F.Supp.2d 208, 235-36 (D. Mass. 2003).

4. Accordingly, to the extent that the Debtors seek to transfer Bond Safeguard's surety bonds (which is not clear from the terms of the Sale Contract), Bond Safeguard objects to the Sale Motion and any proposed transfer of its bonds to a third-party purchaser.

WHEREFORE, Bond Safeguard respectfully requests that the Court enter and order denying the Sale Motion to the extent that the Debtor proposes to sell and transfer any of the improvement or surety bonds issued by Bond Safeguard and granting such other and further relief as the Court deems just and proper.

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by electronic mail upon all parties and counsel identified on the CM/ECF service list maintained by the Court for this case, on January 24, 2010.

Dated:  January 24, 2010

                Respectfully submitted,
                **Ehrenstein Charbonneau Calderin**
                *Attorneys for Bond Safeguard Insurance Company*
                *and Lexon Insurance Company*
                501 Brickell Key Drive, Suite 300
                Miami, Florida 33131
                Telephone: (305) 722-2002
                Facsimile: (305) 722-2001

                By:  */s/ Robert Paul Charbonneau*_____
                        Robert Paul Charbonneau, Esq.
                        Fla. Bar No. 968234