UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:
TOUSA, INC., *et al*.,   CASE NO.:08-10928-JKO
                         Chapter 11
                         Jointly Administered
          Debtors.
_____/

TOUSA, INC.,   Adversary No.:10-01441-JKO

          Plaintiff,

v.

OPTIMUS SOLUTIONS LLC,

          Defendant.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES TO ADVERSARY COMPLAINT

SOFTCHOICE CORPORATION, as successor in interest to Defendant, OPTIMUS SOLUTIONS LLC (hereinafter "Defendant"), hereby files its Answer and Affirmative Defenses to the Adversary Complaint ("Complaint") of Plaintiff, TOUSA, INC. ("Debtor") as follows:

1. Paragraph 1 of the Complaint is an introductory paragraph and a reservation of rights by Debtor and does not require a response. To the extent paragraph 1 requires a response, its allegations are denied.

2. Admitted for jurisdictional purposes only.

3. Admitted for jurisdictional purposes only.

4. Admitted for jurisdictional purposes only.

1

5. Admitted.

6. Defendant is without knowledge, therefore denied.

7. Defendant is without knowledge, therefore denied.

8. Defendant denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 8 of the Complaint.

9. Defendant hereby reincorporates each and every response contained in paragraphs 1 through 8 of this Answer as if fully set forth herein.

10. Defendant is without knowledge, therefore denied.

11. Admitted that Defendant received certain payments from Debtor. The remainder of the allegations in paragraph 11 is hereby denied.

12. Paragraph 12 is a statement and a reservation of rights by Debtor and does not require a response. To the extent a response is required, the Defendant denies the allegations contained in paragraph 12.

13. Defendant denies the allegations in paragraph 13. Each payment received by Defendant was consideration for one or more contemporaneous exchanges and/or prepaid debts.

14. Defendant denies the allegations in paragraph 14. Each payment received by Defendant was consideration for one or more contemporaneous exchanges and/or prepaid debts.

15. Defendant denies the allegations in paragraph 15. Each payment received by Defendant was consideration for one or more contemporaneous exchanges and/or prepaid debts.

16. Denied.

17. Defendant is without knowledge, therefore denied.

18. Denied.

19. Denied.

20. Defendant hereby incorporates each and every response contained in paragraphs 1 through 19 of this Answer as if fully set forth herein.

21. Denied.

22. Admitted.

23. Denied.

## AFFIRMATIVE DEFENSES

24. As and for its first affirmative defense, the Defendant states, the Complaint must be dismissed in that it fails to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b); Fed.R.Ban.P. 7012(b).

25. As and for its second affirmative defense, the Defendant states, that by reason of the actions of Debtor, Debtor's representations, conduct, and/or omissions to act, Debtor has waived each and every alleged claim for relief against Defendant set forth in the Complaint.

26. As and for its third affirmative defense, the Defendant states Debtor is estopped to assert any claim or other right against Defendant by reason of the actions of Debtor and Debtor's representations, conduct and/or omissions to act, or those of Debtor's officers and agents, upon which Defendant relied to its prejudice and detriment.

27. As and for its fourth affirmative defense, Defendant states, Debtor has inexcusably and unreasonably delayed in the commencement of this action to the prejudice of Defendant and the action is, therefore, barred by laches.

28. As and for its fifth affirmative defense, Defendant states, the Complaint, and each cause of action set forth therein, is barred by the doctrine of unclean hands.

29. As and for its sixth affirmative defense, Defendant states, the Complaint, and each cause of action set forth therein, is barred by all applicable statutes of limitation.

30. As and for its seventh affirmative defense, Defendant states, at all times mentioned in the Complaint, Defendant acted in good faith and dealt fairly with Debtor and otherwise conducted itself in accordance with its obligations under the law.

31. As and for its eighth affirmative defense, Defendant states, that any alleged transfers made by Debtor to Defendant were intended by Debtor and Defendant to be a contemporaneous exchange for new value given to Debtor.

32. As and for its ninth affirmative defense, Defendant states, that any alleged transfers made by Debtor to Defendant were in payment of debts incurred in the ordinary course of business or financial affairs of Debtor and Defendant, made in the ordinary course of business or financial affairs of Debtor and Defendant, and made according to ordinary business terms.

33. As and for its tenth affirmative defense, Defendant states, after any alleged transfer by Debtor to Defendant, Defendant gave new value to or for the benefit of Debtor not secured by an otherwise unavoidable security interest and on account of which new value Debtor did not make an otherwise avoidable transfer to or for the benefit of Defendant.

34. As and for its eleventh affirmative defense, Defendant states, that any alleged transfers made by Debtor to Defendant were not transfers of property of Debtor for or on account of an antecedent debt.

35. As and for its twelfth affirmative defense, Defendant states, that any alleged transfers made by Debtor to Defendant did not enable Defendant to receive more than it would receive in a Chapter 7 liquidation of Debtor.

36. As and for its thirteenth affirmative defense, Defendant states, that Defendant did not receive any transfers from Debtor that falls within the description of transfers set forth in 11 U.S.C. Section 502(d). Accordingly, Defendant's claim or claims asserted against Debtor must be allowed in their entirety.

37. As and for its fourteenth affirmative defense, Defendant states, the Complaint, and each cause of action set forth therein, is barred by the doctrine of misrepresentation.

38. As and for its fifteenth affirmative defense, Defendant states, the Complaint, and each cause of action set forth therein, is barred by the doctrine of mistake and/or other principles of equity.

39. As and for its sixteenth affirmative defense, Defendant states, the Complaint, and each cause of action set forth therein, is barred in whole or in part because the Defendant has valid claims for setoff/recoupment.

40. As and for its seventeenth affirmative defense, Defendant states, that certain checks alleged in Defendant's Complaint were issued by the Debtor on October 26, 2007. As a result, the amounts in question were not transferred within the 90-day Preference Period prior to the filing of the Debtor's bankruptcy petition which would have commenced on October 31, 2007.

41. As and for its eighteenth affirmative defense, Defendant states, the Complaint, and each cause of action set forth therein, is barred in whole or in part

because Debtor served the registered agent of Optimus Solutions, LLC, an entity which has ceased to exist.

42.    Defendant reserves the right to add such additional defenses as may appear from time to time from the proofs presented in this proceeding as well as the rights to seek dismissal, summary judgment and other appropriate relief relating to whether the Debtor had a good faith basis for filing the Complaint at all.

WHEREFORE, Softchoice Corporation, as successor in interest to Defendant, Optimus Solutions LLC, respectfully demands that the Complaint be dismissed with prejudice, that this Court award costs and fees to Defendant incurred in defending this adversary proceeding, and that this Court grant to Defendant such other and further relief as may be proper and just.

**JOHN C. DOTTERER**
**COUNSELLORS AT LAW, P.A.**
125 Worth Avenue, Suite 310
Palm Beach, FL 33480
Tel: (561) 802-3808
Fax: (561) 802-3318
Email: dottj@dottlaw.com

By:    *s/ Jenny Torres*
    John C. Dotterer, Esq.
    Florida Bar No. 267260
    Jenny Torres
    Florida Bar No. 785881

*Attorneys for Softchoice Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of June, 2010, notice of filing of the Answer and Affirmative Defenses to Debtor's Complaint was sent via CM/ECF to the parties listed below.

By: ____*s/ Jenny Torres*_____
Jenny Torres, Esq.

**Sent via CM/ECF**
- Kristopher Aungst    kaungst@bergersingerman.com