**EXHIBIT B**
**GLOSSARY**

The following is a list of many of the defined terms used in this Disclosure Statement. This list has been provided for your convenience. Please refer to the Plan for additional definitions. In the event of any inconsistency between the Plan and this Glossary, the Plan is controlling.

| | |
|---|---|
| *2007 Federal Tax Refund* | The Debtors' federal tax refund of approximately $207 million attributable to the carryback of net operating losses from the tax year 2007, which is encumbered only by the Liens of the First Lien Revolver Claims at TOUSA. |
| *2008 Federal Tax Refund* | The Debtors' federal tax refund of approximately $97.1 million attributable to the carryback of net operating losses from the tax year 2008, which is an unencumbered asset of TOUSA. |
| *510 Claims* | Claims against each of the Plan Debtors that are subordinated pursuant to section 510(b) or 510(c) of the Bankruptcy Code. |
| *Accrued Professional Compensation* | At any given moment, all accrued, contingent and/or unpaid fees and expenses (including, without limitation, success fees) for legal, financial advisory, accounting and other services and reimbursement of expenses that are awardable and allowable under sections 328, 330(a) or 331 of the Bankruptcy Code and were rendered before the Effective Date by any Retained Professional in the Chapter 11 Cases, or that are awardable and allowable under section 503 of the Bankruptcy Code, that has not been denied by a Final Order, all to the extent that any such fees and expenses have not been previously paid (regardless of whether a fee application has been filed for any such amount). To the extent that the Bankruptcy Court or any higher court denies or reduces by a Final Order any amount of a Retained Professional's fees or expenses, then those reduced or denied amounts shall no longer constitute Accrued Professional Compensation. |

| | |
|---|---|
| *Administrative Claim* | Any Claim against a Plan Debtor for costs and expenses of administration of the Estates under sections 503(b), 507(b) or 1114(e)(2) of the Bankruptcy Code, including, without limitation: (a) the actual and necessary costs and expenses, incurred after the applicable Petition Date, of preserving the respective Estates and operating the businesses of the Plan Debtors; (b) Allowed Professional Compensation; (c) all U.S. Trustee Fees; (d) Allowed reimbursable expenses of Committee Members; (e) Postpetition Intercompany Claims; and (f) Allowed Claims under section 503(b)(9) of the Bankruptcy Code. |
| *Administrative Claims Bar Date* | The Initial Administrative Claims Bar Date and the Final Administrative Claims Bar Date, as applicable and as defined in the Plan. |
| *Allowed* | With reference to any Claim against a Plan Debtor, (a) any Claim that has been listed by the Plan Debtors in their Schedules, as such Schedules may be amended from time to time in accordance with Bankruptcy Rule 1009, as liquidated in amount and not Disputed or contingent and for which no contrary Proof of Claim, objection, or request for estimation has been filed on or before any applicable objection deadline, if any, set by the Bankruptcy Court or the expiration of such other applicable period fixed by the Bankruptcy Court, (b) any Claim that is not Disputed, (c) any Claim that is compromised, settled, or otherwise resolved pursuant to the authority granted to the Plan Debtors, the Committee or the Liquidation Trust, as the case may be, pursuant to a Final Order of the Bankruptcy Court, or (d) any Claim that has been allowed hereunder or by Final Order; *provided*, *however*, that Claims allowed solely for the purpose of voting to accept or reject the Plan pursuant to an order of the Bankruptcy Court shall not be considered "Allowed Claims" hereunder. |
| *Allowed Professional Compensation* | All Accrued Professional Compensation Allowed or awarded from time to time by an order of the Bankruptcy Court or any other court of competent jurisdiction. |
| *Ballots* | The ballots accompanying the Disclosure Statement upon which holders of impaired Claims entitled to vote shall, among other things, indicate their acceptance or rejection of the Plan in accordance with the procedures governing the solicitation process. |
| *Bankruptcy Code* | Title 11 of the United States Code. |

| | |
|---|---|
| *Bankruptcy Court* | The United States Bankruptcy Court for the Southern District of Florida, Fort Lauderdale Division, having jurisdiction over the Chapter 11 Cases and, to the extent of any withdrawal of the reference under section 157 of title 28 of the United States Code, the District Court. |
| *Bankruptcy Rules* | The Federal Rules of Bankruptcy Procedure promulgated under 28 U.S.C. § 2075 and the local rules of the Bankruptcy Court. |
| *Beacon Hill* | Beacon Hill at Mountain's Edge, LLC. |
| *Beacon Hill Bar Date* | October 22, 2008. |
| *Beacon Hill Governmental Bar Date* | January 26, 2009. |
| *Business Day* | Any day other than a Saturday, Sunday or "legal holiday" (as defined in Bankruptcy Rule 9006(a)). |
| *Cash* | The legal tender of the United States of America or the equivalent thereof, including, without limitation, bank deposits, checks and cash equivalents. |
| *Cash Collateral Order* | The *Stipulated Final Order (I) Authorizing Limited Use of Cash Collateral Pursuant to Sections 105, 361 and 363 of the Bankruptcy Code, and (II) Granting Replacement Liens, Adequate Protection and Super Priority Administrative Expense Priority to Secured Lenders*, dated June 20, 2008 [D.E. # 1226], as extended and modified by subsequent orders of the Bankruptcy Court [D.E. # 2402, 2726, 3207, 3480, 5580]. |
| *Causes of Action* | All actions, causes of action, Claims, liabilities, obligations, rights, suits, debts, damages, judgments, remedies, demands, setoffs, defenses, recoupments, crossclaims, counterclaims, third-party claims, indemnity claims, contribution claims or any other Claims, Disputed or undisputed, suspected or unsuspected, foreseen or unforeseen, direct or indirect/derivative, choate or inchoate, existing or hereafter arising, in law, equity or otherwise, based in whole or in part upon any act or omission or other event. |

| | |
|---|---|
| *Chapter 11 Cases* | (a) When used with reference to a particular Debtor, the case pending for that Debtor under chapter 11 of the Bankruptcy Code in the Bankruptcy Court and (b) when used with reference to all Debtors, the chapter 11 cases pending for the Debtors in the Bankruptcy Court, which are being jointly administered under case number 08-10928-JKO. Where the context requires, the term Chapter 11 Cases refers to the chapter 11 cases pending for the Debtors or the Plan Debtors, as applicable. |
| *Chinese Drywall Claims* | Prepetition Claims against the Plan Debtors related to alleged damages from defective drywall manufactured in China. |
| *Claim* | The meaning set forth in section 101(5) of the Bankruptcy Code. |
| *Claims Bar Date* | As applicable, (a) May 19, 2008, (b) the Governmental Bar Date, (c) the Beacon Hill Bar Date, (d) the Beacon Hill Governmental Bar Date, (e) the Initial Administrative Claims Bar Date, (f) the Lien Claims Bar Date, (g) the Customer Claims Bar Date, or (h) such other period of limitation as may be specifically fixed by an order of the Bankruptcy Court for the filing of certain Claims. |
| *Claims Objection Deadline* | For each Claim, 180 days after the Effective Date or such later date as may be otherwise ordered by the Bankruptcy Court. |
| *Citicorp* | Citicorp North America, Inc. |
| *Claims Register* | The official register of Claims maintained by the Voting and Claims Agent. |
| *Class* | A category of holders of Claims or Equity Interests, as set forth in Article III of the Plan, pursuant to section 1122(a) of the Bankruptcy Code. |
| *Committee* | The statutory committee of unsecured creditors of the Debtors appointed by the U.S. Trustee in the Chapter 11 Cases on February 13, 2008, pursuant to section 1102 of the Bankruptcy Code, as such may be amended by the U.S. Trustee from time to time. |

| | |
|---|---|
| *Committee Action* | The adversary proceeding [Adv. Case No. 08-01435] commenced by the Committee against the Prepetition Secured Lenders, the Transeastern Lenders and certain other parties, as such complaint and the parties thereto may be amended from time to time, and any other avoidance or equitable subordination or recovery actions under sections 105, 502(d), 510, 542 through 551, and 553 of the Bankruptcy Code or otherwise challenging the validity of transfers related to or the obligations arising from or relating to the Loan Documents and the Transeastern Settlement, including Claims and Causes of Action in connection with such adversary proceeding and any appeals relating thereto. |
| *Committee Members* | The members of the Committee appointed by the U.S. Trustee or by order of the Bankruptcy Court, as such appointment may be in effect or modified from time to time. |
| *Confirmation* | The entry of the Confirmation Order on the docket of the Plan Debtors' Chapter 11 Cases. |
| *Confirmation Date* | The date upon which the Bankruptcy Court enters the Confirmation Order on the docket of the Plan Debtors' Chapter 11 Cases. |
| *Confirmation Hearing* | The hearing held by the Bankruptcy Court to consider confirmation of the Plan pursuant to section 1129 of the Bankruptcy Code, as such hearing may be continued from time to time. |
| *Confirmation Order* | The order of the Bankruptcy Court entered in the Plan Debtors' Chapter 11 Cases, confirming the Plan pursuant to section 1129 of the Bankruptcy Code, as such order may be amended from time to time. |
| *Conveying Subsidiaries* | The Plan Debtors other than TOUSA and Beacon Hill. |
| *Cure Claim* | A Claim against a Plan Debtor based upon a monetary default by any Plan Debtor under an Executory Contract or Unexpired Lease at the time such contract or lease is assumed by the Plan Debtors pursuant to section 365 of the Bankruptcy Code. |
| *Customer Claims Bar Date* | May 14, 2010. |
| *D&O Liability Insurance Policies* | All insurance policies for directors and officers' liability maintained by the Debtors as of the applicable Petition Date. |

| | |
|---|---|
| *Debtor* | One of the Debtors, in its individual capacity as a debtor in the Chapter 11 Cases. |
| *Debtors* | TOUSA, Beacon Hill and each of TOUSA's subsidiaries that filed for chapter 11 protection on January 29, 2008 and whose cases are currently jointly administered in the Bankruptcy Court. |
| *Decision* | The October 13, 2009 judgment in the Committee Action in favor of the Committee [D.E. # 659] that was amended and replaced on October 30, 2009 [D.E. # 721]. |
| *Deficiency Claims* | Claims against the Plan Debtors of all secured lenders, other than the First Lien Term Loan Lenders and Second Lien Term Loan Lenders for the portion of such lenders' Claims that exceeds the value of such lenders' interest in the Estates' property securing such Claims. |
| *Disclosure Statement* | The *Disclosure Statement for the Joint Plan of Liquidation of TOUSA, Inc. and Its Affiliated Debtors and Debtors in Possession Under Chapter 11 of the Bankruptcy Code* dated July 16, 2010 [D.E. # _____], as amended, supplemented or modified from time to time, including all exhibits and schedules thereto and references therein that relate to the Plan, that is prepared and distributed in accordance with the Bankruptcy Code, Bankruptcy Rules and any other applicable law. |
| *Disputed* | With reference to any Claim against a Plan Debtor, including any portion thereof, (a) any Claim that is listed on the Schedules as unliquidated, disputed, or contingent, (b) any Claim as to which the Plan Debtors or any other party in interest has interposed a timely objection or request for estimation in accordance with the Bankruptcy Code and the Bankruptcy Rules or that is otherwise disputed by any Plan Debtor, the Committee or the Liquidation Trustee in accordance with applicable law, which objection, request for estimation, or dispute has not been determined by a Final Order, or (c) any Claim with respect to which a Proof of Claim was required to be filed by order of the Bankruptcy Court but as to which such Proof of Claim was not timely or properly filed. |

| | |
|---|---|
| *Distribution Agent* | Any entity or entities chosen by the Committee or the Liquidation Trustee, in consultation with the Liquidation Trust Committee, which entities may include, without limitation, the Liquidation Trustee and the Indenture Trustees, to make or to facilitate distributions required by the Plan. |
| *Distribution Date* | Any of the Initial Distribution Date or the Periodic Distribution Dates. |
| *Distribution Record Date* | The date for determining which holders of Allowed Claims, except holders of publicly traded instruments, are eligible to receive distributions pursuant to the Plan, which shall be the Confirmation Date or such other date as designated in the Plan or a Bankruptcy Court order. |
| *District Court* | The United States District Court for the Southern District of Florida. |
| *Effective Date* | The first Business Day following the Confirmation Date selected by the Committee on which (a) the conditions to effectiveness of the Plan set forth in Article VII of the Plan have been satisfied or otherwise waived in accordance with Article VII.C of the Plan and (b) no stay of the Confirmation Order is in effect. |
| *Encumbered Assets* | Any of an applicable Plan Debtor's assets encumbered by the Liens securing the First Lien Revolver Claims, the First Lien Term Loan Claims and the Second Lien Term Loan Claims, as applicable. |
| *Equity Interest* | Any share of common stock, preferred stock or other instrument evidencing an ownership interest in any of the Plan Debtors, whether or not transferable, issued or outstanding, and any option, warrant or right, contractual or otherwise, to acquire any such interest in a Plan Debtor. |
| *Estate* | As to each Debtor, the estate created for that Debtor in its Chapter 11 Case pursuant to section 541 of the Bankruptcy Code. |

| | |
|---|---|
| *Exculpated Claim* | Any Claim related to any act or omission arising from and after the Petition Date in connection with, relating to or arising out of the Plan Debtors' postpetition restructuring efforts, the Plan Debtors' Chapter 11 Cases, the formulation, preparation, dissemination, negotiation or filing of the Disclosure Statement or the Plan or any contract, instrument, release or other agreement or document created or entered into in connection with the Disclosure Statement or the Plan, the filing of the Plan Debtors' Chapter 11 Cases, the pursuit of Confirmation, the administration and implementation of the Plan, including the issuance of Liquidation Trust Interests, or the distribution of property under the Plan or any other related agreement; *provided*, *however*, that Exculpated Claims shall not include any act or omission that is determined in a Final Order to have constituted gross negligence, willful misconduct or fraud.  For the avoidance of doubt, no Cause of Action, obligation or liability expressly set forth in or preserved by the Plan or the Plan Supplement constitutes an Exculpated Claim. |
| *Exculpated Parties* | Collectively: (a) the current and former Committee Members and the advisors and attorneys for the Committee, in each case, in their capacity as such; (b) the Indenture Trustees and the advisors and attorneys for the Indenture Trustees, in each case, in their capacity as such; and (c) the Debtors' advisors and attorneys employed as of the Petition Date or retained or employed during the Chapter 11 Cases, in each case in their capacity as such.  For the avoidance of doubt, the foregoing shall not apply to the Debtors' current and former directors and officers with respect to any litigation pending against them on the Effective Date or expressly preserved in the Plan or Liquidation Trust Agreement or any party that has entered into a tolling agreement with the Debtors. |
| *Exculpation* | The meaning set forth in Article VIII.C of the Plan. |
| *Executory Contract* | A contract to which one or more of the Plan Debtors is a party that is subject to assumption or rejection under section 365 of the Bankruptcy Code. |
| *Falcone Action* | The adversary proceeding [Adv. Case No. 10-02125] commenced by the Committee on behalf of the Debtors' Estates against certain parties to the Transeastern Settlement, as such complaint and the parties thereto may be amended from time to time. |

| | |
|---|---|
| *Fiduciary Duty Action* | The adversary proceeding [Adv. Case No. 09-01616] commenced by the Committee on behalf of the Conveying Subsidiaries' Estates against certain current and former directors and officers of the Debtors and other parties, as such complaint and the parties thereto may be amended from time to time. |
| *Final Administrative Claims Bar Date* | The date that is 45 days after the Effective Date. |
| *Final Order* | An order or judgment of the Bankruptcy Court, or other court of competent jurisdiction with respect to the subject matter, as entered on the docket in any Plan Debtor's Chapter 11 Case or the docket of any court of competent jurisdiction, that has not been reversed, stayed, modified or amended, and as to which the time to appeal, or seek certiorari or move for a new trial, reargument or rehearing, has expired and no appeal or petition for certiorari or other proceeding for a new trial, reargument or rehearing has been timely made, or as to which any right to appeal, petition for certiorari, reargue, or rehear shall have been waived in writing in form and substance satisfactory to the Committee or, on and after the Effective Date, the Liquidation Trustee, or as to which any appeal that has been taken or any petition for certiorari that has been timely filed has been withdrawn or resolved by the highest court to which the order or judgment was appealed or from which certiorari was sought, or the new trial, reargument or rehearing shall have been denied, resulted in no modification of such order or otherwise shall have been dismissed with prejudice. |
| *First Lien Agents* | The First Lien Revolver Agent and the First Lien Term Loan Agent. |
| *First Lien Revolver Agent* | Citicorp, in its capacity as administrative agent, or any successor agent under the First Lien Revolving Credit Agreement. |
| *First Lien Revolver Claims* | The secured portion of any Claims against the Plan Debtors derived from or based upon the First Lien Revolving Credit Agreement. |
| *First Lien Revolver Lenders* | Holders of secured Claims arising from the First Lien Revolving Credit Agreement. |

| | |
|---|---|
| *First Lien Revolving Credit Agreement* | That certain Second Amended and Restated Revolving Credit Agreement, dated July 31, 2007, among TOUSA and certain of its subsidiaries, as borrowers and as guarantors, Citicorp, as administrative agent, and the banks, financial institutions and other lenders party thereto that provided for revolving extensions of credit of up to an aggregate principal amount of $700 million and the other credit documents referenced therein. |
| *First Lien Term Loan Agent* | Citicorp, in its capacity as administrative agent, or any successor agent under the First Lien Term Loan Credit Agreement. |
| *First Lien Term Loan Claims* | The secured portion of all Claims against TOUSA derived from or based upon the First Lien Term Loan Credit Agreement. |
| *First Lien Term Loan Credit Agreement* | That certain Credit Agreement, dated July 31, 2007, among TOUSA and certain of its subsidiaries, as borrowers and as guarantors, Citicorp, as administrative agent, and the banks, financial institutions and other lenders party thereto pursuant to which first lien term loans in an aggregate principal amount of $200 million were made and the other credit documents referenced therein. |
| *First Lien Term Loan Lenders* | Holders of Claims arising from the First Lien Term Loan Credit Agreement. |
| *General Unsecured Claim* | Any Unsecured Claim against any of the Plan Debtors that is not a Priority Tax Claim, Administrative Claim, Accrued Professional Compensation Claim, Senior Note Claim, Subordinated Note Claim, PIK Note Claim, Other Priority Claim, Prepetition Intercompany Claim or Lender Deficiency Claim.  General Unsecured Claims include, but are not limited to, (i) any Claims derived from documented, prepetition Intercompany Notes; (ii) Chinese Drywall Claims, to the extent not covered by an insurance policy; (iii) Homeowner Claims, to the extent not covered by an insurance policy; (iv) Tort Claims, to the extent not covered by an insurance policy; and (v) Deficiency Claims. |
| *Governmental Bar Date* | July 28, 2008. |
| *Homeowner Claims* | Any prepetition Claims against the Plan Debtors asserted by customers, except the Chinese Drywall Claims. |

| | |
|---|---|
| *Implementation Term* | The period following the Effective Date in which the Liquidation Trustee will substantially liquidate the Liquidation Trust Assets, except for any Liquidation Trust Causes of Action, which may be litigated after the Implementation Term at the discretion of the Liquidation Trustee and the Liquidation Trust Committee. |
| *Indenture Trustees* | Collectively, the Indenture Trustees for each of the series of Senior Notes, Subordinated Notes and PIK Notes. |
| *Initial Administrative Claims Bar Date* | May 14, 2010, the date specifically fixed by order of the Bankruptcy Court [D.E. # 5125] for the filing of Administrative Claims arising between January 29, 2008 and September 1, 2009, other than Claims for compensation of Retained Professionals. |
| *Initial Claims Bar Date* | May 19, 2008, the deadline specifically fixed by the Initial Claims Bar Date Order for the filing of proofs of claim against the Debtors (excluding Beacon Hill). |
| *Initial Claims Bar Date Order* | The *Order (A) Setting Bar Dates for Filing Proofs of Claim, (B) Approving the Form and Manner for Filing Proofs of Claim and (C) Approving Notice Thereof*, entered by the Bankruptcy Court on March 17, 2008 [D.E. # 614]. |
| *Initial Distribution Date* | The date occurring as soon as reasonably practicable after the Effective Date when distributions under the Plan shall commence. |
| *Initial Trust Termination Date* | The earlier of (i) the date that is three years from the Effective Date or (ii) the date a final decree is entered in the last of the Plan Debtors' Chapter 11 Cases. |
| *Insurance Coverage Action* | The adversary proceeding [Adv. Case No. 09-02281] commenced by the Debtors against certain of the Debtors' insurance carriers whose policies may cover the claims made in the Fiduciary Duty Action, as such complaint and the parties thereto may be amended from time to time. |
| *Intercompany Notes* | Subject to validation based on a review of the Debtors' books and records, the documented, prepetition intercompany notes among the Debtors. |
| *Intercreditor Agreement* | That certain intercreditor agreement among the First Lien Agents and the Second Lien Term Loan Agent, dated as of July 31, 2007. |

| | |
|---|---|
| *Lender Deficiency Claims* | Claims of the First Lien Term Loan Lenders and Second Lien Term Loan Lenders against TOUSA for the portion of such lenders' Claims that exceeds the value of such lenders' interest in the Estates' property securing such Claims. |
| *Lien* | The meaning set forth in section 101(37) of the Bankruptcy Code; *provided*, *however*, that any lien avoided in accordance with sections 544, 545, 547, 548 or 549 of the Bankruptcy Code shall not constitute a Lien. |
| *Lien Claims Bar Date* | May 14, 2010. |
| *Liquidation Trust* | The trust that will, according to the terms of the Plan, hold, liquidate and monetize the Plan Debtors' existing assets and make distributions to holders of Allowed Claims in accordance with the treatment provided under the Plan. |
| *Liquidation Trust Account* | Approximately $20 million, which shall be segregated from the assets transferred to the Liquidation Trust and shall be used solely for the administration of the Liquidation Trust. |
| *Liquidation Trust Agreement* | The agreement that sets forth the terms and provisions governing the Liquidation Trust. The Liquidation Trust Agreement will be acceptable to the Committee in its sole discretion. |
| *Liquidation Trust Assets* | All assets of the Plan Debtors, including Liquidation Trust Causes of Action, and the proceeds thereof, which shall be transferred to the Liquidation Trust on the Effective Date. For the avoidance of doubt, the portion of the Transeastern Reimbursement in excess of the amounts owed to the Conveying Subsidiaries shall not constitute a Liquidation Trust Asset. |
| *Liquidation Trust Beneficiaries* | Holders of Liquidation Trust Interests. |
| *Liquidation Trust Causes of Action* | All Causes of Action transferred to the Liquidation Trust, including but not limited to the Committee Action, the Fiduciary Duty Action, the Falcone Action and any chapter 5 Causes of Action. |
| *Liquidation Trust Committee* | A three-member board appointed by the Committee to oversee certain actions of the Liquidation Trustee as described in Article V.C.6 of the Plan. The members of the Liquidation Trust Committee shall be identified at or prior to the Confirmation Hearing. |

| | |
|---|---|
| *Liquidation Trust Interests* | Interests in the Liquidation Trust, a series of which shall be created for each Plan Debtor (other than Beacon Hill), and distributions of which will be made to the holders of Allowed Unsecured Claims in accordance with Article III of the Plan. |
| *Liquidation Trustee* | The person or firm appointed by the Committee to manage the Liquidation Trust in accordance with the terms of the Plan and Liquidation Trust Agreement. |
| *Loan Documents* | Collectively, the First Lien Revolving Credit Agreement, the First Lien Term Loan Credit Agreement, the Second Lien Term Loan Credit Agreement, and any other agreements related thereto. |
| *Net Proceeds* | The proceeds derived from the sale of the Liquidation Trust Assets and prosecution of the Liquidation Trust Causes of Action less any costs related to such sale or litigation, whether such costs are subtracted from such proceeds at the time of or after the closing of such sale. |
| *Ordinary Course Professionals Order* | The *Order Authorizing the Debtors' Retention and Compensation of Certain Professionals Utilized in the Ordinary Course of Business*, entered by the Bankruptcy Court on February 4, 2008 [D.E. # 148], as amended from time to time. |
| *Other Priority Claim* | Any Claim against a Plan Debtor accorded priority in right of payment under section 507(a) of the Bankruptcy Code, other than a Priority Tax Claim. |
| *Other Secured Claim* | The secured portion of any Claim against a Plan Debtor, other than a First Lien Revolver Claim, First Lien Term Loan Claim or Second Lien Term Loan Claim. |
| *Periodic Distribution Date* | Unless otherwise ordered by the Bankruptcy Court, the first Business Day that is 120 days after the Initial Distribution Date, and thereafter, the first Business Day that is 120 days after the immediately preceding Periodic Distribution Date until liquidation of the Liquidation Trust Assets is complete. |
| *Petition Date* | The date on which each of the Debtors commenced its Chapter 11 Case. |
| *PIK Note Claim* | Any Claim against TOUSA other than a Claim subordinated pursuant to section 510(b) of the Bankruptcy Code derived from or based upon the PIK Notes. |

| | |
|---|---|
| *PIK Note Indenture* | The indenture for the PIK Notes. |
| *PIK Notes* | The $20 million 14.75% Senior Subordinated PIK Notes due July 1, 2015, issued by TOUSA and guaranteed by certain subsidiaries of TOUSA, pursuant to the indenture dated July 31, 2007. |
| *PIK Notes Stipulation* | The settlement among the Committee and certain holders of the PIK Notes, as approved by the order dated February 5, 2010 [Adv. Case No. 08-01435, D.E. # 897]. |
| *Plan* | The *Joint Plan of Liquidation of TOUSA, Inc. and Its Affiliated Debtors and Debtors In Possession Under Chapter 11 of the Bankruptcy Code* dated July 16, 2010 [D.E. # ____], as it may be amended, supplemented or modified from time to time, including, without limitation, by the Plan Supplement, which is incorporated herein by reference. |
| *Plan Debtors* | The Debtors other than TOUSA Homes, L.P. |
| *Plan Releasees* | The current and former members of the Committee and the advisors, attorneys and professionals for the Committee, and the Debtors' advisors and attorneys employed as of the Petition Date or retained or employed during the Chapter 11 Cases, in each case, in their capacity as such, except to the extent that any such advisor or professional has executed a tolling agreement preserving the Debtors' rights to pursue certain Causes of Action. |
| *Plan Supplement* | The compilation of documents and forms of documents, schedules and exhibits, each in form and substance acceptable to the Committee, to be filed no later than fourteen days before the Voting Deadline, as such compilation may be amended, supplemented or modified from time to time in accordance with the terms of the Plan and the Bankruptcy Code and the Bankruptcy Rules. The Plan Supplement shall include, without limitation, the following documents: (a) the list of Executory Contracts and Unexpired Leases to be assumed and the applicable proposed cure amount; (b) a draft Liquidation Trust Agreement; and (c) a list of Liquidation Trust Causes of Action. The Committee will file the Plan Supplement, but shall not be required to serve the Plan Supplement, except that any exhibit relating to Cure Claims or another equivalent document detailing Cure Claim information will be served (at least in relevant part) on the applicable non-Plan Debtor counterparties to contracts or leases to be assumed. |

| | |
|---|---|
| *Postpetition Intercompany Claim* | A Claim arising from and after the Petition Date of one Plan Debtor against another Plan Debtor for assets or Cash transferred to or for the benefit of such Plan Debtor after the Petition Date. |
| *Prepetition Intercompany Claim* | Any prepetition Claim of a Plan Debtor against another Plan Debtor that is not an Intercompany Note. |
| *Prepetition Secured Lenders* | Collectively, the First Lien Revolver Lenders, First Lien Term Loan Lenders and Second Lien Term Loan Lenders. |
| *Priority Tax Claim* | Any Claim against a Plan Debtor of a governmental unit of the kind specified in section 507(a)(8) of the Bankruptcy Code. |
| *Pro Rata* | The proportion by amount that an Allowed Claim in a particular Class bears to the aggregate amount of Allowed Claims in that Class, or the proportion by amount that Allowed Claims in a particular Class bear to the aggregate amount of Allowed Claims in a particular Class and other Classes entitled to share in the same recovery as such Allowed Claim under the Plan. |
| *Professionals Fee Accounts* | The professional fee escrow accounts established pursuant to paragraph 14 of the Cash Collateral Order. |
| *Proof of Claim* | A proof of claim filed against any of the Plan Debtors in the Chapter 11 Cases. |
| *Retained Professional* | Any entity: (a) employed in the Chapter 11 Cases pursuant to a Final Order in accordance with sections 327, 363 and/or 1103 of the Bankruptcy Code and to be compensated for services rendered before the Effective Date, pursuant to sections 327, 328, 329, 330, 331 and/or 363 of the Bankruptcy Code; or (b) for which compensation and reimbursement has been allowed by the Bankruptcy Court pursuant to section 503(b)(4) of the Bankruptcy Code. |
| *RVA* | The remaining value analysis performed by the Debtors, as ordered in the Decision. |
| *Schedules* | Collectively, the schedules of assets and liabilities, schedules of Executory Contracts and Unexpired Leases and statements of financial affairs filed by the Debtors pursuant to section 521 of the Bankruptcy Code and in substantial accordance with the Official Bankruptcy Forms, as such schedules may have been amended, modified or supplemented from time to time. |

| | |
|---|---|
| *SEC* | United States Securities and Exchange Commission |
| *Second Lien Term Loan Agent* | Wells Fargo Bank, N.A., as successor to Citicorp, in its capacity as administrative agent under the Second Lien Term Loan Credit Agreement, and any of its successors or assigns. |
| *Second Lien Term Loan Claims* | The secured portion of all Claims against TOUSA derived from or based upon the Second Lien Term Loan Credit Agreement. |
| *Second Lien Term Loan Credit Agreement* | That certain Second Lien Term Loan Credit Agreement, dated July 31, 2007, among TOUSA and certain of its subsidiaries as borrowers and guarantors, Citicorp as administrative agent, and the banks, financial institutions and other lenders party thereto pursuant to which second lien term loans in an aggregate principal amount of $300 million were made. |
| *Second Lien Term Loan Lenders* | Holders of Claims arising from the Second Lien Term Loan Credit Agreement. |
| *Senior Debt* | The meaning given to such term under the Subordinated Note Indentures and the PIK Note Indenture, as the case may be. |
| *Senior Note Claim* | Any Claim against the Plan Debtors other than a Claim subordinated pursuant to section 510(b) of the Bankruptcy Code derived from or based upon the Senior Notes. |
| *Senior Note Indentures* | Collectively, the indentures for each of the series of Senior Notes. |
| *Senior Notes* | (a) The $200 million 9.0% Senior Notes due July 1, 2010, (b) the $100 million 9.0% Senior Notes due July 1, 2010 and (c) the $250 million 8.25% Senior Notes due April 1, 2011, both issued by TOUSA and guaranteed by certain subsidiaries of TOUSA pursuant to the indentures (as supplemented) dated June 25, 2002, February 3, 2003, and April 12, 2006, respectively. |
| *Subordinated Note Claim* | Any Claim against the Plan Debtors other than a Claim subordinated pursuant to section 510(b) of the Bankruptcy Code derived from or based upon the Subordinated Notes. |
| *Subordinated Note Indentures* | Collectively, the indentures for each of the series of Subordinated Notes. |

| | |
|---|---|
| *Subordinated Notes* | (a) The $125 million 7.5% Senior Subordinated Notes due March 15, 2011, (b) the $200 million 7.5% Senior Subordinated Notes due March 15, 2015, and (c) the $185 million 10.375% Senior Subordinated Notes due July 1, 2012, all issued by TOUSA and guaranteed by certain subsidiaries of TOUSA pursuant to the indentures (as supplemented) dated March 17, 2004, December 21, 2004, and June 25, 2002, respectively. |
| *Tax Authority* | A federal, state, local or foreign government or agency, instrumentality or employee thereof, or a court or other body charged with the administration of any law relating to Taxes. |
| *Tax Code* | The Internal Revenue Code of 1986, as amended. |
| *Taxes* | All (i) federal, state, local or foreign taxes, including, without limitation, all net income, alternative minimum, net worth or gross receipts, capital, value added, franchise, profits and estimated taxes and (ii) interest, penalties, fines, additions to tax or additional amounts imposed by any Tax Authority or paid in connection with any item described in clause (i) hereof. |
| *Tort Claim* | Any Claim against a Plan Debtor that has not been settled, compromised or otherwise resolved that: (a) arises out of allegations of personal injury, wrongful death, property damage, products liability or similar legal theories of recovery; or (b) arises under any federal, state or local statute, rule, regulation or ordinance governing, regulating or relating to protection of human health, safety or the environment. |
| *TOUSA* | TOUSA, Inc. |
| *Transeastern JV* | The entity formed by TOUSA Homes, L.P. and certain entities related to Falcone/Ritchie LLC to acquire substantially all of the homebuilding assets of Transeastern Properties, Inc. |
| *Transeastern Lenders* | The senior lenders to the Transeastern JV that received in excess of $420 million in connection with the Transeastern Settlement. |
| *Transeastern Reimbursement* | Amounts to be disgorged by the Transeastern Lenders as described in the Decision. |
| *Transeastern Settlement* | The July 31, 2007 global settlement of litigation and other claims relating to the Transeastern JV. |

| | |
|---|---|
| *Treasury Regulations* | The regulations promulgated by the Treasury Department under the Tax Code. |
| *Unexpired Lease* | A lease to which one or more of the Plan Debtors is a party that is subject to assumption or rejection under section 365 of the Bankruptcy Code. |
| *Unsecured Claims* | (i) Senior Note Claims, (ii) General Unsecured Claims, (iii) Subordinated Note Claims, (iv) Lender Deficiency Claims, and (v) PIK Note Claims, as applicable to each Plan Debtor. |
| *U.S. Trustee* | The United States Trustee for the Southern District of Florida. |
| *U.S. Trustee Fees* | The fees due to the U.S. Trustee pursuant to 28 U.S.C. § 1930(a)(6). |
| *Voting and Claims Agent* | Kurtzman Carson Consultants LLC, in its capacity as notice, claims and balloting agent pursuant to the *Order Authorizing the Employment and Retention of Kurtzman Carson Consultants LLC as Notice, Claims and Balloting Agent for the Debtors*, which was entered by the Bankruptcy Court on January 31, 2008 [D.E. # 102]. |
| *Voting Classes* | Collectively, TOUSA Classes 1B, 2, 5A, 5B and 5C; Conveying Subsidiaries Classes 4A and 4B; and Beacon Hill Class 3. |
| *Voting Deadline* | [ ], 2010, the date by which all Ballots must be received by the Voting and Claims Agent in accordance with the Bankruptcy Court's order approving the Disclosure Statement. |
| *Voting Record Date* | [ ], 2010, the date established as the voting record date in the order approving the Disclosure Statement. |