UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: ) | Chapter 11 Cases |
| ) | Case No. 08-10928-JKO |
| TOUSA, INC., *et al.*, ) | Jointly Administered |
| ) | |
| Debtors. ) | |
| ) | |

**DEBTORS' SEVENTH MOTION FOR AUTHORITY TO USE CASH COLLATERAL**

TOUSA, Inc. and its affiliated debtors and debtors in possession in the above-captioned, jointly administered chapter 11 cases (collectively, the "Debtors") seek entry of an order authorizing the Debtors to use the Cash Collateral (as that term is defined in section 363(a) of title 11 of the United States Code (the "Bankruptcy Code")) of the Debtors' prepetition lenders (together, the "Prepetition Lenders") on and after September 1, 2010.[1]  In support of this motion, the Debtors respectfully state as follows:

**Jurisdiction**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 361 and 363 of the Bankruptcy Code and Rule 4001(b)(2) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

---

[1] As described below, the Debtors are currently in discussions with the Prepetition Lenders and the statutory committee of unsecured creditors appointed in these chapter 11 cases (the "Creditors' Committee") regarding the extended use of Cash Collateral beyond August 31, 2010.  As a result, the Debtors intend to file a proposed order authorizing the extended use of Cash Collateral no later than three days before the hearing on this motion.

K&E 17405012.2

**Factual Background and Relief Requested**

4. On May 18, 2010, the Court entered the *Sixth Final Order (I) Authorizing Limited Use of Cash Collateral Pursuant to Sections 105, 361 and 363 of the Bankruptcy Code, (II) Granting Replacement Liens, Adequate Protection and Super Priority Administrative Expense Priority to Secured Lenders* [D.E. #5580] (the "Sixth Cash Collateral Order").

5. Pursuant to paragraph 16 of the Sixth Cash Collateral Order, the Debtors are authorized to use Cash Collateral until August 31, 2010 (the "Termination Date"). Sixth Cash Collateral Order at ¶ 16(a).

6. On October 20, 2009, Citicorp North America, Inc. and Wells Fargo Bank, N.A., in their capacities as first and second lien administrative agents to the Prepetition Lenders, commenced appeals in the United States District Court for the Southern District of Florida (Nos. 10-60019 and 10-60018, respectively (the "Appeals")), of the Court's final judgment entered in Adversary Proceeding No. 08-01435 (the "Committee Judgment") [D.E. #659].[2] As of the filing of this motion, the Appeals remain pending.

7. Understanding the significance of the outcome of the Appeals upon the terms of the Debtors' authority to use Cash Collateral, the Debtors, the Prepetition Lenders and the

---

[2] The Committee Judgment concluded, among other things, that (i) "[p]ursuant to 11 U.S.C. §§ 544 and 548 and under applicable New York and Florida fraudulent transfer law, (a) all obligations of the Conveying Subsidiaries to the First and Second Lien Lenders arising from the July 31 Transaction; (b) all claims of the First and Second Lien Lenders asserted or assertable against the Conveying Secured Lenders; and (c) all liens granted by the Conveying Subsidiaries to secure such obligations and claims, are hereby **AVOIDED** and all such claims are **DISALLOWED**" (emphasis in original). The Committee Judgment further concludes that "[p]ursuant to 11 U.S.C. § 550 and under applicable New York and Florida fraudulent transfer law, the First and Second Lien Lenders shall **DISGORGE** to the Conveying Subsidiaries' estates any and all principal, interest, costs, expenses and other fees or amounts paid to, for the benefit of, or on behalf of, the First and Second Lien Lenders or in respect of the First and Second Lien Lenders' asserted claims or obligations against the Conveying Subsidiaries' estates . . .," which "[f]or the avoidance of doubt . . . shall include, but not be limited to, any and all (a) fees and expenses paid to, for the benefit of, or on behalf of, the First and Second Lien Lenders' respective counsel and advisors, pursuant to" the prior financing orders.

Creditors' Committee determined, pursuant to the Sixth Cash Collateral Order, to permit the Debtors to use Cash Collateral through August 31, 2010, on terms substantially similar to those included in previous orders authorizing the Debtors to use Cash Collateral. Importantly, the Sixth Cash Collateral Order also includes a feature that affords any party to seek review and revision of the terms by the Court in connection with the Appeals.[3]

8. Because a decision has not yet been made with respect to the Appeals, Plan and Disclosure Statement, the Debtors, the Prepetition Lenders and the Creditors' Committee currently are in discussions regarding the terms of an agreed order that would permit the Debtors to continue to use Cash Collateral. These discussions, and potential consensus, are further complicated by the Creditors' Committee's filing on July 16, 2010, of a joint chapter 11 plan of liquidation [D.E. #5799] and related disclosure statement [D.E. #5798].

9. The Debtors will provide additional information regarding the proposed terms of Cash Collateral use to the Court and other parties in interest by filing a proposed order at the earliest possible date, but in any event no later than three days before the hearing on this motion. To the extent that the parties agree upon the proposed terms, the proposed order will reflect that agreement; to the extent that the parties are unable to reach agreement, the Debtors will seek to

---

[3] Specifically, paragraph 16(a) of the Sixth Cash Collateral Order provides, in relevant part, that

> [I]n connection with, and arising out of, any appeal of the Committee Judgment, any party shall have 10 days to file a notice of request for reconsideration of this Order stating (a) the specific provisions of this Order that the party requests be changed and (b) the basis for the request (a "Reconsideration Notice"); *provided, further*, that upon the filing of any such Reconsideration Notice, a hearing on the Reconsideration Notice will be held at the next regularly scheduled omnibus hearing that is at least 7 days after the Reconsideration Notice was filed, and any objection to the Reconsideration Notice shall be filed at least 3 days before the hearing; and (ii) absent further order of the Court, the date that is three (3) business days after the Revolver Agent delivers written notice to the Debtors and the Creditors' Committee of the occurrence of any of the following events.

Sixth Cash Collateral Order at ¶ 16(a).

use Cash Collateral on terms proposed by the Debtors, and the Debtors will file a supplement to this motion seeking interim authorization for Cash Collateral use.

## Supporting Authority

10. Section 363(c)(1) of the Bankruptcy Code provides, in relevant part, that:

> If the business of the debtor is authorized to be operated under section . . . 1108 [of the Bankruptcy Code] and unless the court orders otherwise, the [debtor] may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing.

11 U.S.C. § 363(c)(1).

11. Pursuant to section 363(c)(2) of the Bankruptcy Code, the Court may authorize the Debtors to use cash collateral as long as the applicable secured creditors consent or are adequately protected. *See, e.g.*, *In re Mellor*, 734 F.2d 1396, 1400 (9th Cir. 1984); *see also In re McCormick*, 354 B.R. 246, 251 (Bankr. C.D. Ill. 2006) (to use the cash collateral of a secured creditor, the debtor must have the consent of the secured creditor or must establish to the Court that the secured creditor's interest in the cash collateral is adequately protected). "Cash Collateral" is defined as, "cash, negotiable instruments, documents of title, securities, deposit accounts or other cash equivalents in which the estate and an entity other than the estate have an interest." 11 U.S.C. § 363(a).

12. To the extent a debtor seeks to use cash collateral on a consensual basis, it is well-established that the debtor's decision is governed by the business judgment standard. *See, e.g.*, *Aurelius Capital Master, Ltd. v. TOUSA, Inc. (In re TOUSA, Inc.)*, No. 08-61317 at 36 (S.D. Fla. Feb. 6, 2009) (order affirming consensual cash collateral order, holding that "there is significant case law to support the use of business judgment standard in approving a consensual Cash Collateral Order") (citations omitted).

13. Additionally, and as this Court has previously recognized, adequate protection is an inherently flexible standard, and a bankruptcy court is guided by a number of well-established factors, including a consideration of the risks to the secured creditor's value resulting from the debtor's request for use of cash collateral and whether the debtor's adequate protection proposal protects value as nearly as possible against risks to that value. *See* Jan. 9 Tr. at 147:5-6 ("[A]dequate protection is an inherently flexible concept."); *Chrysler Credit Corp. v. Ruggiere (In re George Ruggiere Chrysler-Plymouth, Inc.)*, 727 F.2d 1017, 1019 (11th Cir. 1984) ("In determining whether a creditor's secured interests are so protected, there must be an individual determination of the *value* of [the creditor's secured] interest and whether a proposed use of cash collateral threatens that value.") (emphasis in ordinal).

14. In this instance, it is critical that the Debtors maintain access to Cash Collateral to permit the Debtors to implement their wind-down business plan. In the event the Debtors are unable to reach an agreement with the Prepetition Lenders regarding consensual use of Cash Collateral, the Debtors will file a supplemental motion with the Court seeking authority to use Cash Collateral over their objection. To the extent necessary, the Debtors will demonstrate in their pleadings and at the hearing on this motion (and any related supplement) that the interests of the Prepetition Lenders are adequately protected by the proposed terms of the Debtors' continued use of Cash Collateral as required under the applicable provisions of the Bankruptcy Code.

### Notice

15. The Debtors have provided notice of this motion to: (a) the Office of the United States Trustee for the Southern District of Florida; (b) counsel to the statutory committee of unsecured creditors appointed in these chapter 11 cases; (c) counsel to the agent for the Debtors' prepetition first lien facilities; (d) counsel to the agent for the Debtors' prepetition second lien

facility; (e) counsel to the *ad hoc* group of lenders, assignees or participants with respect to the Debtors' prepetition second lien facility; (f) the Internal Revenue Service; (g) the Securities and Exchange Commission; (h) the indenture trustee for each of the Debtors' outstanding bond issuances; and (i) all parties who have filed notices of appearance and requests for pleadings in these chapter 11 cases.  In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter an order (a) authorizing the Debtors to use Cash Collateral for the period beginning on and after September 1, 2010, consistent with an order that the Debtors will file with the Court no later than three days before the hearing on this motion and (b) granting such other and further relief as may be appropriate.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1.

Dated: July 28, 2010

Respectfully submitted,

**BERGER SINGERMAN, P.A.**

/s/ Paul Steven Singerman
Paul Steven Singerman (Florida Bar No. 378860)
200 Biscayne Boulevard, Suite 1000
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340

-and-

**KIRKLAND & ELLIS LLP**
Richard M. Cieri (New York Bar No. 4207122)
M. Natasha Labovitz (New York Bar No. 2813251)
Joshua A. Sussberg (New York Bar No. 4316453)
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

*Co-Counsel to the Debtors*