

**ORDERED in the Southern District of Florida on January 14, 2011.**

John K. Olson, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

www.flsb.uscourts.gov

| In re: | ) | Chapter 11 Cases |
|---|---|---|
| | ) | Case No. 08- 10928-JKO |
| TOUSA, INC., *et al.*, | ) | Jointly Administered |
| | ) | |
| Debtors. | ) | |
| | ) | |

**ORDER APPROVING AGREEMENT OF PURCHASE AND SALE BETWEEN TOUSA HOMES, INC. AND CLC REGAL OAKS, INC. TO SELL SUBSTANTIALLY ALL ASSETS IN THE SUBDIVISION KNOWN AS REGAL OAKS AT OLD TOWN IN OSCEOLA COUNTY, FLORIDA FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS AND GRANTING RELATED RELIEF**

Upon the motion, dated December 14, 2010 [D.E. # 6530] (the "Sale Motion"), of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), seeking, among other things, entry of an order (the "Sale Order") pursuant to sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (A) authorizing and approving the sale (the "Sale") of the Property (as defined in the Agreement (defined below)) by TOUSA Homes,

Inc. (the "Seller") free and clear of all liens, claims, interests and encumbrances, in accordance with the terms of an Agreement of Purchase and Sale, dated as of November 9, 2010 (as amended from time to time, the "Agreement"), by and among Seller and CLC Regal Oaks, Inc. (the "Buyer"), a copy of which is annexed to the Sale Motion as <u>Exhibit A</u>; and (B) granting related relief; and a hearing on the Sale Motion having been held on January 13, 2011 (the "Sale Hearing"), at which time all interested parties were offered an opportunity to be heard with respect to the Sale Motion; and the Court having reviewed and considered (i) the Sale Motion and attachments thereto; (ii) all objections, responses, and comments relating to the Sale Motion or the Sale; (iii) the arguments of counsel made, and the evidence proffered or adduced, at the Sale Hearing; and it appearing that the relief requested in the Sale Motion is in the best interests of Seller, its estate and creditors and other parties in interest; and upon the record of the Sale Hearing and all other pleadings and proceedings in these cases, including the Sale Motion; and after due deliberation thereon; and good cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:[1]

A.  This Court has jurisdiction to hear and determine the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334 and this matter is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (N).  Venue of these cases and the Sale Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B.  The statutory predicates for the relief requested herein are sections 105(a) and 363(b), (f), (m) and (n) of the Bankruptcy Code, and Bankruptcy Rules 2002, 6004 and 9014.

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact, as applicable, in accordance with Fed. R. Bankr. P. 7052.  All findings of fact and conclusions of law announced by the Court at the Sale Hearing in relation to the Sale Motion are hereby incorporated into this Sale Order to the extent not inconsistent herewith.

C. As evidenced by the affidavits of service filed with the Court, proper, timely, adequate and sufficient notice of the Sale Motion and the Agreement (without schedules and exhibits) has been provided in accordance with sections 102(1) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002 and 6004.  Such notice was good, sufficient, and appropriate under the particular circumstances and no other or further notice of the Sale Motion, the Sale Hearing, or entry of this Sale Order is or shall be required.

D. A reasonable opportunity to object or be heard with respect to the Sale and the relief granted by this Sale Order has been afforded to all interested persons and entities, including: (i) the official committee of unsecured creditors appointed in Seller's chapter 11 bankruptcy cases (the "Committee"); (ii) all federal, state and local regulatory or taxing authorities or recording offices which have a reasonably known interest in the relief requested by the Motion, including but not limited to all such taxing authorities or recording offices in the jurisdictions in which Seller has offices or other facilities or in which any of the Property is located; (iii) all parties having expressed within the past six (6) months a bona fide interest in acquiring the Property; (iv) all entities (or counsel therefor) known to have asserted any lien, claim, encumbrance, right of refusal, or other interest in or upon Seller or the Property; (v) the United States Attorney's Office; (vi) the Internal Revenue Service; (vii) the Securities and Exchange Commission; (viii) the United States Trustee for the Southern District of Florida; (ix) counsel to the agent for the Debtors' prepetition first lien facilities; (x) counsel to the agent for the Debtors' prepetition second lien facility; (xi) counsel to the ad hoc group of lenders, assignees or participants with respect to the Debtors' prepetition second lien facility; (xii) the indenture trustee for each of the Debtors' outstanding bond issuances; and (xiii) all parties who have filed notices of appearance and requests for pleadings in these chapter 11 cases.

E.	Seller has demonstrated both (i) good, sufficient, and sound business purpose and justification and (ii) compelling circumstances for the Sale pursuant to section 363(b) of the Bankruptcy Code outside of a chapter 11 plan exist in that, among other things, (a) there is substantial risk of deterioration of the value of the Property if the sale is not consummated quickly; (b) the Agreement constitutes the highest or best offer received for the Property; (c) the Agreement and Closing (as defined in the Agreement) represent the best opportunity to maximize the value of the Property; and (d) unless the sale is concluded expeditiously as provided for in the Sale Motion and pursuant to the Agreement, creditors' recoveries may be diminished.

F.	The Sale reflects the exercise of Seller's sound business judgment.  Approval of the Agreement and the consummation of the Sale contemplated thereby are in the best interests of Seller, its estate, its creditors, and all other parties in interest.

G.	The Debtors and their professionals (i) provided potential purchasers, upon request, sufficient information to enable them to make an informed judgment on whether to bid on the Property, and (ii) afforded interested potential purchasers a full, fair and reasonable opportunity to conduct due diligence and submit offers.

H.	As evidenced by Seller's extensive marketing efforts, the consideration provided by Buyer for the Property pursuant to, and the other terms of, the Agreement (i) are fair and reasonable, (ii) are the highest or otherwise best offer for the Property, (iii) will provide a greater recovery to Seller's estates than would be provided by any other practical available alternative, and (iv) constitute reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.

I.      Subject only to entry of this Sale Order, Seller has (i) full corporate or other appropriate power and authority to execute the Agreement and all other documents contemplated thereby, and the Sale has been duly and validly authorized by all necessary corporate or other appropriate action of Seller, (ii) all of the corporate or other appropriate power and authority necessary to consummate the transactions contemplated by the Agreement, (iii) taken all corporate or other appropriate action necessary to authorize and approve the Agreement and the consummation of the Sale by Seller, and no consents or approvals, other than those expressly provided for in the Agreement, are required for Seller to consummate such transactions.

J.      The transfer of the Property by Seller to Buyer is or will be a legal, valid and effective transfer of the Property and vests or will vest Buyer with good title to the Property free and clear of the following (collectively, "Liens, Claims, Interests and Encumbrances"): All mortgages, restrictions, hypothecations, charges, indentures, loan agreements, instruments, leases, licenses, options, deeds of trust, security interests, conditional sale or other title retention agreements, pledges, liens (including, without limitation, mechanics', materialmen's and other consensual and non-consensual liens and statutory liens), judgments, demands, encumbrances, rights of first refusal, offsets, contracts, recoupment, rights of recovery, claims for reimbursement, contribution, indemnity, exoneration, products liability, alter-ego, environmental, pension, or tax, decrees of any court or foreign or domestic governmental entity, or charges of any kind or nature, if any, including, but not limited to, any restriction on the use, voting, transfer, receipt of income or other exercise of any attributes of ownership, debts arising in any way in connection with any agreements, acts, or failures to act, of Seller or Seller's predecessors or affiliates, claims (as that term is used in the Bankruptcy Code), reclamation claims, obligations, liabilities, demands, guarantees, options, rights, contractual or other

commitments, restrictions, interests and matters of any kind and nature, whether known or unknown, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or non-material, disputed or undisputed, whether arising prior to or subsequent to the commencement of Seller's chapter 11 case, and whether imposed by agreement, understanding, law, equity or otherwise, including any rights, claims or causes of action based on theories of transferee or successor liability under any law, statute, rule, or regulation of the United States, any state, territory, or possession thereof, or the District of Columbia, with such Liens, Claims, Interests, and Encumbrances to attach to the proceeds of the Sale in the same priority as existed prior to Closing. Except as may be expressly and specifically provided in the Agreement or this Sale Order, Buyer shall not assume or become liable for any Liens, Claims, Interests, and Encumbrances relating to the Property being sold by Seller.

      K.     The transfer of the Property to Buyer free and clear of all Liens, Claims, Interests and Encumbrances, will not result in any undue burden or prejudice to any holders of any Liens, Claims, Interests, and Encumbrances as all such Liens, Claims, Interests, and Encumbrances of any kind or nature whatsoever shall attach to the net proceeds of the Sale in the order of their priority, with the same validity, force and effect which they now have as against the Property. All persons having Liens, Claims, Interests, or Encumbrances of any kind or nature whatsoever against, on, or in any Seller or the Property shall be forever barred, estopped and permanently enjoined from pursuing such claims or asserting such liens, interests or encumbrances against Buyer, any of its assets, property, successors or assigns, or the Property.

L. Buyer would not have entered into the Agreement and would not consummate the Sale contemplated thereby if the sale of the Property were not free and clear of all Liens, Claims, Interests, and Encumbrances, or if Buyer would, or in the future could, be liable for any Liens, Claims, Interests, or Encumbrances.

M. Seller may sell the Property free and clear of all Liens, Claims, Interests, and Encumbrances because, in each case, one or more of the standards set forth in section 363(f) of the Bankruptcy Code have been satisfied. Those holders of Liens, Claims, Interests, and Encumbrances who did not object or who withdrew their objections to the Sale and/or entry of this Sale Order are deemed to have consented pursuant to sections 105 and 363(f)(2) of the Bankruptcy Code. Those holders of Liens, Claims, Interests, and Encumbrances who did object, but fall within one or more of the other subsections of section 363 of the Bankruptcy Code, are adequately protected by being paid or by having their claims, if any, attach to the proceeds of the Sale ultimately attributable to the property against or in which they claim Liens, Claims, Interests, or Encumbrances, in the same order of priority that existed prior to the Sale and subject to all objections, counterclaims, recoupments, setoffs, and other defenses of Seller's estate.

N. The terms and conditions of the Agreement are fair and reasonable and were negotiated in good faith and at arm's-length and without collusion. Buyer is not affiliated with Seller, is not an "insider" as that term is defined in section 101(31) of the Bankruptcy Code, and is a Buyer in good faith of the Property and, thus, is entitled to the protections afforded a good faith Buyer by section 363(m) of the Bankruptcy Code. In the absence of a stay pending appeal, Buyer will be acting in good faith, pursuant to section 363(m) of the Bankruptcy Code, in closing the transactions contemplated by the Agreement at any time after the entry of this Sale Order and cause has been shown as to why this Sale Order should not be subject to the stay provided by

Bankruptcy Rule 6004(h). Neither Seller nor Buyer has engaged in any conduct that would cause or permit the Agreement and the transactions contemplated thereby to be avoided under section 363(n) of the Bankruptcy Code.

O. The transactions contemplated under the Agreement do not amount to a consolidation, merger or de facto merger of Buyer and Seller and/or Seller's estate, there is not substantial continuity between Buyer and Seller, there is no common identity between Seller and Buyer, there is no continuity of enterprise between Seller and Buyer, Buyer is not a mere continuation of Seller or its estate, and Buyer does not constitute a successor to Seller or its estate. Accordingly, the transfer of the Property to Buyer will not subject Buyer to any liability with respect to the operation of the Property prior to Closing or by reason of such transfer under the laws of the United States, any state, territory, or possession thereof, or the District of Columbia, based, in whole or in part, directly or indirectly, on any theory of law or equity, including, without limitation, any theory of successor or transferee liability.

P. The sale of the Property outside of a chapter 11 plan pursuant to the Agreement neither impermissibly restructures the rights of Seller's creditors nor impermissibly dictates the terms of a liquidating plan of reorganization for Seller. The sale does not constitute a sub rosa chapter 11 plan.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

**General Provisions**

1. The Sale Motion is granted in its entirety, as further described herein, and except as otherwise specifically provided herein.

2. All parties in interest have had the opportunity to object to the relief requested in the Sale Motion and to the extent that objections to the Sale Motion or the relief requested

therein have not been withdrawn, waived, or settled, such objections and all reservations of rights included therein are overruled on the merits. Those parties who did not object, or who withdrew their objections, to the Sale Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.

**Approval of the Agreement**

3. The terms and conditions of the Agreement, including, without limitation, all amendments, addendum, Exhibits and Schedules thereto, and the Sale of the Property contemplated thereby, are hereby authorized and approved in all respects, pursuant to sections 105(a), and 363(b) of the Bankruptcy Code.

4. Pursuant to sections 105(a) and 363(b), (f), (m) and (n) of the Bankruptcy Code, and subject to the other provisions of this Sale Order, Seller is hereby authorized, directed and empowered to (a) fully perform under, consummate and implement the terms of the Agreement together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Agreement and the Sale contemplated thereby, and (b) take all further actions as may reasonably be requested by Buyer for the purpose of assigning, transferring, granting, conveying and conferring to Buyer, or reducing to possession any or all of the Property, or as may be necessary or appropriate to the performance of Seller's obligations as contemplated by the Agreement, without any further corporate action or orders of this Court. Seller's obligations under the Agreement shall constitute administrative expenses of Seller's estate under sections 503(b) and 507(a)(i) of the Bankruptcy Code.

5. Nothing contained in any chapter 11 plan confirmed in these cases or the order confirming any such chapter 11 plan shall conflict with or derogate from the provisions of the Agreement or this Sale Order, and to the extent of any conflict or derogation between or from

this Sale Order or the Agreement and such future plan or order, the terms of this Sale Order and the Agreement shall control to the extent of such conflict or derogation.

**Transfer of Property**

6. Pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, upon the closing of the Agreement, the Property shall be transferred to Buyer free and clear of all Liens, Claims, Interests and Encumbrances, with all such Liens, Claims, Interests and Encumbrances to attach to the proceeds of the Sale in the order of their priority, with the same validity, force and effect which they now have as against the Property.

7. Pursuant to sections 105 and 363 of the Bankruptcy Code, all persons and entities, including, but not limited to, Seller, the Debtors, the Committee, all debt security holders, equity security holders, Seller and Debtors' employees or former employees, governmental, tax and regulatory authorities, lenders, parties to or beneficiaries under any benefit plan, trade and other creditors asserting or holding a Lien, Claim, Interest, or Encumbrance of any kind or nature whatsoever against, in or with respect to Seller or the Property (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), arising under or out of, in connection with, or in any way relating to the Property, the operation of Seller's business prior to Closing or the transfer of the Property to Buyer, shall be forever barred and estopped from asserting, prosecuting or otherwise pursuing such Lien, Claim, Interest, or Encumbrance, whether by payment, setoff, or otherwise, directly or indirectly, against Buyer or any affiliates, successors or assigns thereof and each of their respective current and former members, officers, directors, managed funds, investment advisors, attorneys, employees, partners, affiliates, financial advisors and representatives (each of the foregoing in its individual capacity), or the Property.

8. The transfer of the Property to Buyer shall be a legal, valid, and effective transfer of the Property, authorized pursuant to the Bankruptcy Code, and shall vest Buyer with all right, title, and interest of Seller in and to the Property free and clear of all Liens, Claims, Interests, and Encumbrances. Following Closing, no holder of any Lien, Claim, Interest, or Encumbrance on, in, or against the Property may interfere with Buyer's use and enjoyment of the Property based on or related to such Lien, Claim, Interest, or Encumbrance, or any actions that the Debtors may take in their chapter 11 cases and no person may take any action to prevent, interfere with or otherwise enjoin consummation of the transactions contemplated in or by the Agreement or this Sale Order.

9. Upon the occurrence of Closing, this Sale Order shall be considered and constitute for any and all purposes a full and complete general assignment, conveyance and transfer of the Property acquired by Buyer under the Agreement and/or a bill of sale or assignment transferring indefeasible title and interest in the Property to Buyer.

10. If any person or entity that has filed financing statements, mortgages, mechanic's liens, lis pendens, or other documents or agreements evidencing Liens, Claims, Interests, or Encumbrances on, in, or against Seller or the Property shall not have delivered to Seller prior to Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all Liens, Claims, Interests, or Encumbrances that the person or entity has with respect to Seller or the Property or otherwise, then with regard to Property purchased by Buyer pursuant to the Agreement and this Sale Order, (a) Seller is hereby authorized and directed to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Property and (b) Buyer is hereby authorized to file, register, or otherwise record a certified copy of this Sale Order, which,

once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all Liens, Claims, Interests, or Encumbrances on, in, or against the Property of any kind or nature whatsoever.

11. To the fullest extent available under applicable law, as now in effect or as may in the future be in effect, Buyer shall be authorized, as of Closing, to operate under any license, permit, registration and governmental authorization or approval of Seller with respect to the Property, and all such licenses, permits, registrations and governmental authorizations and approvals are deemed to have been, and hereby are, directed to be transferred to Buyer as of Closing.

**Assumption and Assignment of Contracts**

12. Nothing in this Sale Order, the Sale Motion, or in any notice or any other document shall predjudice the rights of Seller and Buyer to file additional motions seeking assumption and assignment of contracts or unexpired leases upon appropriate notice to the counterparty to each contract placed upon any such supplemental list; provided, however, that Seller and Buyer shall be under no obligation to file any such additional motions seeking assumption and assignment of contracts or unexpired leases.

**Additional Provisions**

13. The consideration provided by Buyer for the Property under the Agreement (a) is and shall be deemed to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia and (b) is fair and reasonable, and neither the consideration nor the Agreement may be avoided or voided under section 363(n) or any other provision of the Bankruptcy Code or applicable non-bankruptcy law.

14. On the date of Closing of the Sale, each of Seller's creditors is authorized and directed to execute such documents and take all other actions as may be reasonably necessary to release its liens, claims interests or encumbrances on or in the Property, if any, as the same may have been recorded or may otherwise exist.

15. This Sale Order shall be effective immediately and shall be binding upon and shall govern the acts of all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Property. Each such person, entity, governmental agency, department, or official is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Agreement.

16. To the extent provided by section 525 of the Bankruptcy Code, no governmental unit may revoke or suspend any permit or license relating to the operation of the Property sold, transferred or conveyed to Buyer on account of the filing or pendency of these chapter 11 cases or the consummation of the transactions contemplated by the Agreement.

17. This Bankruptcy Court shall retain exclusive jurisdiction to enforce the terms and provisions of this Order, the Agreement (including any and all amendments thereto, any waivers and consents thereunder), and of each of the agreements, documents and instruments executed in connection therewith, in all respects, and to decide any disputes concerning this Sale Order and the Agreement, or the rights and duties of the parties hereunder or thereunder or any issues

relating to the Agreement and this Order including, but not limited to, the interpretation of the terms, conditions and provisions hereof and thereof, the status, nature and extent of the Property and all issues and disputes arising in connection with the relief authorized herein, inclusive of those concerning the transfer of the Property free and clear of all Liens, Claims, Interests, and Encumbrances.

18. In the absence of a stay pending appeal of this Sale Order, if Buyer consummates the Sale at any time after entry of this Sale Order, then with respect to the Sale, Buyer shall be deemed to be acting in "good faith" and shall be entitled to the protections of section 363(m) of the Bankruptcy Code as to all aspects of the transactions under and pursuant to the Agreement if this Order or any authorization contained herein is reversed or modified on appeal.

19. The failure specifically to include any particular provisions of the Agreement in this Sale Order shall not diminish or impair the efficacy of such provisions, it being the intent of the Court that the Agreement be authorized and approved in its entirety.

20. Any agreements authorized by this Sale Order, including the Agreement and any related agreements, documents or other instruments may be entered into, modified, amended or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court, provided that any such modification, amendment or supplement has no material adverse effect on Seller's estate or creditors.

21. The terms and provisions of the Agreement, together with the terms and provisions of this Sale Order, shall be binding in all respects upon Seller, Buyer, and their respective affiliates, successors and assigns, including, without limitation, any trustee, responsible person, estate administrator, representative or similar person appointed for or in connection with Seller's estate or affairs in these cases or in any subsequent case under the

Bankruptcy Code involving Seller, and any affected third parties including, but not limited to all persons asserting a claim against or interest in Seller's estate or any of the Property to be sold to Buyer pursuant to the Agreement.  Without limiting the generality of the foregoing, any entity providing financing to Buyer shall be entitled to enforce the provisions of this Sale Order with respect to the release of any Liens, Claims, Interests, or Encumbrances against, on, or in the Property.

22. All entities that are presently, or at Closing may be, in possession of some or all of the Property are hereby directed to surrender possession of the Property to Buyer on the date of the Closing.

23. Notwithstanding anything to the contrary contained in Bankruptcy Rule 6004(h), this Sale Order shall not be stayed for 14 days after its entry, but rather, shall be effective and enforceable immediately upon its entry and its provisions shall be self-executing, and the Sale Motion shall be deemed to provide sufficient notice of Seller's request for relief from such stay. Buyer and Seller are authorized to take all actions and enter into any and all agreements that they deem necessary or appropriate with respect to the Sale as authorized by this Sale Order, provided that such action or agreement is consistent with the relief authorized herein.

24. Neither the purchase of the Property by Buyer or its affiliates, nor the subsequent use by Buyer or its affiliates of any of the Property previously operated by Seller, will cause Buyer or any of its affiliates to be deemed a successor in any respect to Seller's businesses within the meaning of any foreign, state or local revenue, pension, ERISA, tax, labor or environment law, rule or regulation (including, without limitation, filing requirements under any such laws, rules or regulations) or under any products liability law or doctrine with respect to Seller's liability under such law, rule or regulation or doctrine.

25. No bulk sales law or any similar law of any state or other jurisdiction shall apply in any way to the transactions authorized herein.

26. The provisions of this Sale Order are nonseverable and mutually dependent without written consent of Buyer.

# # #

Submitted by:

**BERGER SINGERMAN, P.A.**
Paul Steven Singerman (Florida Bar No. 378860)
200 South Biscayne Boulevard, Suite 1000
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile:  (305) 714-4340

-and-

**KIRKLAND & ELLIS LLP**
Richard M. Cieri (New York Bar No. 420712)
M. Natasha Labovitz (New York Bar No. 2813251)
Joshua A. Sussberg (New York Bar. No. 4316453)
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile:  (212) 446-4900

*Co-Counsel to the Debtors*

Copies to:
Paul Steven Singerman
*(Attorney Singerman shall upon receipt serve a copy of this Order upon all interested parties and file a certificate of service.)*