UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: ) | Chapter 11 Cases |
| ) | Case No. 08-10928-JKO |
| TOUSA, INC., *et al.*, ) | Jointly Administered |
| ) | |
| Debtors. ) | |
| ) | |

**DEBTORS' NINTH MOTION FOR AUTHORITY TO USE CASH COLLATERAL**

TOUSA, Inc. and its affiliated debtors and debtors in possession in the above-captioned, jointly administered chapter 11 cases (collectively, the "Debtors") seek entry of an order authorizing the Debtors to use Cash Collateral (as that term is defined in section 363(a) of title 11 of the United States Code (the "Bankruptcy Code")) of the Debtors' prepetition lenders (collectively, the "Prepetition Lenders") on and after June 1, 2011.[1]  In support of this motion, the Debtors respectfully state as follows:

**Jurisdiction**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors are currently in discussions with the Prepetition Lenders and the statutory committee of unsecured creditors appointed in these chapter 11 cases (the "Creditors' Committee") regarding the extended use of Cash Collateral beyond May 31, 2011.  The Debtors expect to submit a fully consensual proposed order that is nearly identical to the Eighth Cash Collateral Order (as defined below).  To that end, the Debtors intend to file a proposed order authorizing the extended use of Cash Collateral no later than three days before the hearing on this motion.

K&E 18891280.4

3. The bases for the relief requested herein are sections 361 and 363 of the Bankruptcy Code and Rule 4001(b)(2) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### Factual Background and Relief Requested

4. On April 13, 2011, the Court entered the *Eighth Final Order (I) Authorizing Limited Use of Cash Collateral Pursuant to Sections 105, 361 and 363 of the Bankruptcy Code, (II) Granting Replacement Liens, Adequate Protection and Super Priority Administrative Expense Priority to Secured Lenders* [D.E. # 7378] (the "Eighth Cash Collateral Order"). Pursuant to paragraph 17 of the Eighth Cash Collateral Order, the Debtors are authorized to use Cash Collateral until May 31, 2011 (the "Termination Date"). Eighth Cash Collateral Order, at ¶ 17(a).

5. On October 20, 2009, Citicorp North America, Inc. and Wells Fargo Bank, N.A., in their capacities as first and second lien administrative agents to the Prepetition Lenders, commenced appeals in the United States District Court for the Southern District of Florida (the "District Court") (Nos. 10-60019 and 10-60018, respectively, the "First and Second Lien Lender Appeals") of the Court's final judgment entered in Adversary Proceeding No. 08-01435 (the "Committee Judgment") [D.E. #659]. On the same date, various financial institutions (collectively, the "Transeastern Lenders") that loaned $450 million in 2005 to a homebuilding joint venture involving TOUSA, Inc., commenced a separate appeal of the Committee Judgment in the District Court (No. 10-60017) (the "Transeastern Appeal"). The First and Second Lien Lender Appeals were assigned to the Honorable Alan S. Gold; the Transeastern Appeal was assigned to the Honorable Adalberto Jordan.

6. On February 11, 2011, Judge Gold entered an opinion and order on the Transeastern Appeal, overturning the Committee Judgment with respect to the Transeastern

2

Lenders only (the "Gold Decision"). On March 8, 2011, the Committee appealed the Gold Decision to the United States Court of Appeals for the Eleventh Circuit (the "Committee Appeal").

7.   On March 28, 2011, Judge Jordan entered an order staying and administratively closing the First and Second Lien Lenders Appeals pending resolution of the Committee Appeal. On April 26, 2011, Judge Gold entered an order authorizing the Prepetition Lenders to intervene in the Committee Appeal with respect to certain issues on appeal.

8.   As of the filing of this motion, the Committee Appeal remains pending.

9.   Understanding the significance of the outcome of the Committee Appeal upon the terms of the Debtors' authority to use Cash Collateral, the Debtors, the Prepetition Lenders and the Creditors' Committee determined, pursuant to the Eighth Cash Collateral Order, to permit the Debtors to use Cash Collateral through May 31, 2011, on terms similar to those included in previous orders authorizing the Debtors to use Cash Collateral. Importantly, and consistent with previous iterations of consensual cash collateral orders, the Eighth Cash Collateral Order includes a feature that affords any party to seek review and revision of the terms by the Court in connection with appeals relating to the Committee Judgment.[2]

---

[2]   Specifically, paragraph 17(a) of the Eighth Cash Collateral Order provides, in relevant part, that

> [I]n connection with, and arising out of, any appeal of the Committee Judgment, any party shall have 10 days to file a notice of request for reconsideration of this Order stating (a) the specific provisions of this Order that the party requests be changed and (b) the basis for the request (a "Reconsideration Notice"); provided, further, that upon the filing of any such Reconsideration Notice, a hearing on the Reconsideration Notice will be held at the next regularly scheduled omnibus hearing that is at least 7 days after the Reconsideration Notice was filed, and any objection to the Reconsideration Notice shall be filed at least 3 days before the hearing; and (ii) absent further order of the Court, the date that is 3 business days after the Revolver Agent delivers written notice to the Debtors and the Creditors' Committee of the occurrence of any of the following events.

Eighth Cash Collateral Order at ¶ 17(a).

10. Because a decision has not yet been made with respect to the Committee Appeal, the Debtors, the Prepetition Lenders and the Creditors' Committee currently are in discussions regarding the continued use of Cash Collateral. The Debtors expect to reach an agreement with the parties on terms nearly identical to those included in the Eighth Cash Collateral Order but these terms have not been finalized yet.

11. The Debtors will provide additional information regarding the proposed terms of Cash Collateral use to the Court and other parties in interest by filing a proposed order at the earliest possible date, but in any event no later than three days before the hearing on this motion. To the extent that the parties agree upon the proposed terms, the proposed order will reflect that agreement; to the extent that the parties are unable to reach agreement, the Debtors will seek to use Cash Collateral on terms proposed by the Debtors, and the Debtors will file a supplement to this motion seeking interim authorization for Cash Collateral use notwithstanding objections.

### Supporting Authority

12. Section 363(c)(1) of the Bankruptcy Code provides, in relevant part, that:

> If the business of the debtor is authorized to be operated under section . . . 1108 [of the Bankruptcy Code] and unless the court orders otherwise, the [debtor] may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing.

11 U.S.C. § 363(c)(1).

13. Pursuant to section 363(c)(2) of the Bankruptcy Code, the Court may authorize the Debtors to use cash collateral as long as the applicable secured creditors consent or are adequately protected. *See, e.g.*, *In re Mellor*, 734 F.2d 1396, 1400 (9th Cir. 1984); *see also In re McCormick*, 354 B.R. 246, 251 (Bankr. C.D. Ill. 2006) (to use the cash collateral of a secured creditor, the debtor must have the consent of the secured creditor or must establish to the Court

that the secured creditor's interest in the cash collateral is adequately protected).  "Cash Collateral" is defined as, "cash, negotiable instruments, documents of title, securities, deposit accounts or other cash equivalents in which the estate and an entity other than the estate have an interest."  11 U.S.C. § 363(a).

14. To the extent a debtor seeks to use cash collateral on a consensual basis, it is well-established that the debtor's decision is governed by the business judgment standard.  *See, e.g.*, *Aurelius Capital Master, Ltd. v. TOUSA, Inc. (In re TOUSA, Inc.)*, No. 08-61317 at 36 (S.D. Fla. Feb. 6, 2009) (order affirming consensual cash collateral order, holding that "there is significant case law to support the use of business judgment standard in approving a consensual Cash Collateral Order") (citations omitted).

15. Additionally, and as this Court has previously recognized, adequate protection is an inherently flexible standard, and a bankruptcy court is guided by a number of well-established factors, including a consideration of the risks to the secured creditor's value resulting from the debtor's request for use of cash collateral and whether the debtor's adequate protection proposal protects value as nearly as possible against risks to that value.  *See* Jan. 9 Tr. at 147:5-6 ("[A]dequate protection is an inherently flexible concept."); *Chrysler Credit Corp. v. Ruggiere (In re George Ruggiere Chrysler-Plymouth, Inc.)*, 727 F.2d 1017, 1019 (11th Cir. 1984) ("In determining whether a creditor's secured interests are so protected, there must be an individual determination of the *value* of [the creditor's secured] interest and whether a proposed use of cash collateral threatens that value.") (emphasis in ordinal).

16. In this instance, it is critical that the Debtors maintain access to Cash Collateral to permit the Debtors to complete implementation of their wind-down business plan and continue to fund the administrative expenses of these chapter 11 cases.  In the event the Debtors are unable

5

to reach an agreement with the Prepetition Lenders regarding consensual use of Cash Collateral, the Debtors will file a supplemental motion with the Court seeking authority to use Cash Collateral over their objection. To the extent necessary, the Debtors will demonstrate in their pleadings and at the hearing on this motion (and any related supplement) that the interests of the Prepetition Lenders are adequately protected by the proposed terms of the Debtors' continued use of Cash Collateral as required under the applicable provisions of the Bankruptcy Code.

### Notice

17.     The Debtors have provided notice of this motion to: (a) the Office of the United States Trustee for the Southern District of Florida; (b) counsel to the statutory committee of unsecured creditors appointed in these chapter 11 cases; (c) counsel to the agent for the Debtors' prepetition first lien facilities; (d) counsel to the agent for the Debtors' prepetition second lien facility; (e) counsel to the *ad hoc* group of lenders, assignees or participants with respect to the Debtors' prepetition second lien facility; (f) the Internal Revenue Service; (g) the Securities and Exchange Commission; (h) the indenture trustee for each of the Debtors' outstanding bond issuances; and (i) all parties who have filed notices of appearance and requests for pleadings in these chapter 11 cases. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter an order (a) authorizing the Debtors to use Cash Collateral for the period beginning on and after June 1, 2011, consistent with an order that the Debtors will file with the Court no later than three days before the hearing on this motion and (b) granting such other and further relief as may be appropriate.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1.

Dated:  May 10, 2010               Respectfully submitted,

**BERGER SINGERMAN, P.A.**

/s/ Paul Steven Singerman
Paul Steven Singerman (Florida Bar No. 378860)
200 Biscayne Boulevard, Suite 1000
Miami, FL 33131
Telephone: (305) 755-9500
Facsimile:  (305) 714-4340

-and-

**KIRKLAND & ELLIS LLP**
Richard M. Cieri (New York Bar No. 4207122)
M. Natasha Labovitz (New York Bar No. 2813251)
Joshua A. Sussberg (New York Bar No. 4316453)
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile:  (212) 446-4900

*Co-Counsel to the Debtors*