UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

TOUSA, INC., *et al.*                           Case No. 08-10928-JKO
                                                           Chapter 11
         Debtor.                              Jointly Administered

_____/

## APPELLEE'S MOTION TO DISMISS BANKRUPTCY APPEAL

Jefferies Leveraged Credit Products LLC ("Jefferies") and Castle Creek Arbitrage, LLC, on behalf of the funds it manages ("Castle Creek," and, together with Jefferies, the "Claimants" or the "Appellees"), holders of claims against TOUSA Homes, Inc. ("THI"), by its undersigned counsel, submit this motion (the "Motion") to dismiss the appeal (the "Appeal") of Wilmington Trust Company ("Appellant"), of the Court's Order Regarding Classification of Certain Lot Option Agreement and Model Home Claims Under the Joint Plan of Liquidation [DE# 9435] dated August 2, 2013 (the "Classification Order").  In support of the Motion, the Claimants respectfully state as follows:

## PRELIMINARY STATEMENT

This Appeal must be dismissed because the Appellant has failed to comply with the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") as they relate to the appeal of the Classification Order.  The Bankruptcy Rules required the Appellant to file (i) a designation of the items to be included in the record on appeal (the "Designation"), and (ii) a statement of the issues to be presented (the "Statement of Issues") within 14 days of filing the appeal.  Although the Appellant filed the Designation, as of the date hereof it has failed to file the Statement of Issues.  As mandated by Rule 87.4 of the Local Rules of the Southern District of Florida (the "Local District Court Rules") and Rule 8006-1 of the Local Rules of the Southern District of

Florida Bankruptcy Court (the "Local Bankruptcy Court Rules" and, together with the Local District Court Rules, the "Local Rules"), Appellant's failure to timely file the Statement of Issues warrants dismissal, and Appellees therefore respectfully request that the Court dismiss this Appeal.

## FACTUAL BACKGROUND[1]

1. On January 29, 2008 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Florida, Fort Lauderdale Division (the "Chapter 11 Cases").

2. On June 28, 2013, the Claimants filed a motion (the "Claims Motion") seeking an order directing that the Lot Option Agreement Claims and the Model Home Claim (each as defined in the Claims Motion) be treated as "Senior Debt" for purposes of the Plan [DE# 9261].

3. On July 12, 2013, the Appellant, together with the Debtors and the Official Committee of Unsecured Creditors (the "Committee"), filed a joint response to the Claims Motion [DE# 9342] (the "Joint Response").

4. On July 24, 2013, the Bankruptcy Court held a hearing on the Claims Motion (the "Hearing").

5. On August 2, 2013, the Bankruptcy Court entered the Classification Order granting the Claims Motion for the reasons set forth on the record at the Hearing, finding that the Lot Option Agreement Claims and the Model Home Claim are entitled to "Senior Debt" status at TOUSA Homes, Inc. [DE# 9435].

---

[1] For additional factual background leading to entry of the Classification Order, see the Claims Motion (as defined below) [DE# 9261], and the Joint Response (defined below) [DE# 9342].

2

6. On August 13, 2013, Appellant filed a notice of appeal of the Classification Order (the "<u>Notice of Appeal</u>") in the Bankruptcy Court [DE# 9473].[2] As a result, the Appellant's deadline for filing the Designation and Statement of Issues was August 27, 2013.

7. On August 26, 2013, Appellant filed its Designation [DE# 9501]. Appellant did not file and, as of the date hereof, has still not filed its Statement of Issues.

## ARGUMENT

8. Bankruptcy Rule 8006 provides that "[w]ithin 14 days after filing the notice of appeal as provided by Rule 8001(a) . . . the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal ***and*** a statement of the issues to be presented." Fed. R. Bankr. P. 8006 (emphasis added).

9. Failure to timely file a Statement of Issues in accordance with Bankruptcy Rule 8006 is grounds for dismissal of the appeal. Local District Court Rule 87.4(b) confers jurisdiction to address the dismissal of appeals at this stage on the Bankruptcy Court, and mandates that the Bankruptcy Court dismiss an appeal for failure to timely file a statement of issues. *See* Local District Court Rule 87.4(b) ("The Bankruptcy Court is authorized ***and directed*** to dismiss an appeal for . . . appellant's failure to file a designation of the items for the record or copies thereof or a statement of the issues as required by Federal Rule of Bankruptcy Procedure 8006, and Local Bankruptcy Rule 8006-1." (emphasis added)).

10. Moreover, Local Bankruptcy Court Rule 8006-1 expressly provides that such a dismissal is mandatory:

> If the appellant fails to timely file a designation of record ***or*** statement of the issues as required by Bankruptcy Rule 8006, this court ***shall*** dismiss the appeal as authorized by District Court Local Rule 87.4(b).

---

[2] Neither the Debtors nor the Committee filed notices of appeal of the Classification Order.

Local Bankruptcy Rule 8006-1 (emphasis added);[3] *see also Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998) ("[T]he mandatory 'shall,' . . . creates an obligation impervious to judicial discretion.").

       11.    As described above, the final date upon which Appellant could have timely filed the Statement of Issues was August 27, 2013. Appellant timely filed the Designation on August 26, 2013, but as of the date hereof has yet to file the Statement of Issues – it now being 17 days after the date the notice of appeal was filed. Accordingly, Local District Court Rule 87.4 and Local Bankruptcy Rule 8006-1 compel dismissal of the Appeal, and the Court should therefore dismiss the Appeal.

---

[3] This local rule is entirely consistent with Bankruptcy Rule 8001(a) which provides that "[a]n appellant's failure to take any step other than timely filing a notice of appeal . . . is ground only for such action as the district court or the bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal." The United States Bankruptcy Court for the Southern District of Florida has determined that such a dismissal is warranted, and has authorized and directed the Bankruptcy Court to dismiss such appeals for, among other things, failure to timely file a statement of issues. Local District Court Rule 87.4(b).

## CONCLUSION

WHEREFORE, the Claimants respectfully request that this Court grant the instant Motion and enter an order dismissing the Appeal with prejudice, and grant such other and further relief as is just and proper.

Respectfully submitted,

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**
Joshua Brody
David E. Blabey, Jr.
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000
jbrody@kramerlevin.com
dblabey@kramerlevin.com
*Admitted Pro Hac Vice*

-- and --

**MARSHALL SOCARRAS GRANT, P.L.**
197 South Federal Highway, Suite 300
Boca Raton, Florida  33432
Telephone: (561) 361-1000
Facsimile:  (561) 672.7581
Email:  lpecan@msglaw.com
*Counsel to the Claimants*

By:    /s/ Lawrence E. Pecan
          LAWRENCE E. PECAN
          Fla. Bar. No. 99086