## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### www.flsb.uscourts.gov

In re:

TOUSA, INC., *et al.*                              Case No. 08-10928-JKO
                                                    Chapter 11
       Debtors.                              Jointly Administered

_____/

## APPELLEES' JOINT (I) REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS BANKRUPTCY APPEAL AND (II) OBJECTION TO APPELLANT'S MOTION TO ENLARGE TIME TO FILE STATEMENT OF ISSUES ON APPEAL, NUNC PRO TUNC

Jefferies Leveraged Credit Products LLC ("Jefferies") and Castle Creek Arbitrage, LLC, on behalf of the funds it manages ("Castle Creek," and, together with Jefferies, the "Claimants" or the "Appellees"), holders of claims against TOUSA Homes, Inc. ("THI"), by their undersigned counsel, submit this joint (i) reply in further support of their motion to dismiss (the "Motion to Dismiss") [DE# 9508] the appeal by Wilmington Trust Company ("Appellant") of the Court's Classification Order [DE# 9435][1] and in opposition to the Appellant's response (the "Response") [DE# 9511] to the Motion to Dismiss, and (ii) objection to the Appellant's after-the-fact motion to enlarge time (the "Motion to Enlarge") [DE# 9512] to file its statement of issues on appeal (the "Statement of Issues").

### PRELIMINARY STATEMENT

It is undisputed that the Appellant filed the requisite Statement of Issues after the required deadline (and only after the Appellees had filed their Motion to Dismiss). Under the applicable rules, this late filing requires the dismissal of the Appeal. Appellant, in its Response and Motion to Enlarge, raises two primary arguments in opposition to dismissal. Neither is persuasive.

---

[1] Terms used but not defined herein have the meanings ascribed to them in the Motion to Dismiss.

First, the Appellant argues that the Bankruptcy Court can dismiss an appeal only if an appellant has failed entirely to file a statement of issues, but not if the filing is simply late. The applicable rules do not support this outcome. To the contrary, Local Bankruptcy Court Rule 8006-1 expressly provides for dismissal "[i]f the appellant fails to *timely file* a designation of record or statement of the issues." Local Bankruptcy Court Rule 8006-1 (emphasis added). The Appellant asks this Court to disregard the plain language of the Rule, arguing that the remedy it calls for exceeds the Bankruptcy Court's authority. This is simply wrong. In fact, Local Bankruptcy Court Rule 8006-1 is perfectly in keeping with Local District Court Rule 87.4(b), the latter of which explicitly cross-references the former and directs the Bankruptcy Court to dismiss an appeal when the Local Bankruptcy Court Rule has not been complied with.

Second, the Appellant argues that even if the Court has authority to order dismissal (which it clearly does), the Court should decline to dismiss the Appeal on the grounds of "excusable neglect." The excuses upon which Appellant relies, however, are unavailing. As an initial matter, the Appellant is simply wrong when it says that the court clerk provided it with "incomplete" information concerning the deadline for filing its Statement of Issues. As described below, the clerk provided Appellant with a notice that clearly contained the deadline for both the Statement of Issues and the Designation. This should be the end of the matter. But even if the court clerk had provided incomplete information, this would not excuse Appellant's lapse. There is no allegation that the court clerk provided *inaccurate* information, and it is well settled in the Eleventh Circuit that an attorney's ignorance of a clear legal rule cannot support a defense of excusable neglect.

In sum, for the reasons discussed herein and in the Motion to Dismiss, the Appellant has failed to articulate any defense to dismissal of the Appeal in accordance with the

governing procedural rules.  The Appeal should be dismissed and the Motion to Enlarge should be denied.

## PROCEDURAL BACKGROUND

1.     On August 13, 2013, the Appellant filed its Notice of Appeal of the Classification Order [DE# 9473].  Pursuant to the 14-day deadline specified in Bankruptcy Rule 8006, the Appellant was required to file its Designation and Statement of Issues by August 27, 2013.

2.     The Appellant filed its Designation on August 26, 2013, but failed to file its Statement of Issues [DE# 9501].  As a result of Appellant's failure to file a Statement of Issues, on August 30, 2013, the Appellee filed its Motion to Dismiss [DE# 9508].

3.     Thereafter, on August 30, 2013, within a matter of hours after the filing of the Motion to Dismiss and three days after the deadline for filing its Statement of Issues, the Appellant filed its Statement of Issues [DE# 9510], Response to the Motion to Dismiss [DE# 9511], and Motion to Enlarge [DE# 9512].

## REPLY AND OBJECTION

**A.     The Local District Court Rules and Local Bankruptcy Court
        Rules Authorize – and Require – Dismissal of the Appeal**

4.     The Appellant does not dispute that, pursuant to Bankruptcy Rule 8006, it was required to file its Statement of Issues by August 27, 2013, and that it missed this deadline. However, Appellant argues in its Response that the applicable rules do not authorize the Bankruptcy Court (as opposed to the District Court) to dismiss appeals on the basis of the late filing of a statement of issues.  (*See* Response ¶ 4.)  The plain language of the governing rules, however, is to the contrary.

5.      As set forth in the Motion to Dismiss, the Local Bankruptcy Court Rules provide for dismissal of an appeal for failure to timely file a statement of issues, stating:

> If the appellant fails to **timely file** a designation of record or statement of the issues as required by Bankruptcy Rule 8006, this court **shall** dismiss the appeal as authorized by District Court Local Rule 87.4(b).

Local Bankruptcy Court Rule 8006-1(A) (emphasis added).  This language, which the Appellant simply ignores in its Response, clearly disposes of its argument that the Court lacks authority to grant the Motion to Dismiss.  Contrary to Appellant's arguments, the Court need not, and should not, hold that Rule 8006-1(A) is improper.  As set forth below, the Local Bankruptcy Court Rule is part of an integrated set of Bankruptcy Court and District Court Rules that are clearly designed to provide the Court with authority to dismiss an appeal in precisely the circumstances presented here.

6.      In arguing that the Local Bankruptcy Court Rules go too far, Appellant relies on Local District Court Rule 87.4(b).  That Rule provides, in relevant part:

> The Bankruptcy Court is authorized **and directed** to dismiss an appeal for . . . appellant's failure to file a . . . statement of the issues **as required by** Federal Rule of Bankruptcy Procedure 8006, and Local Bankruptcy Rule 8006-1.

Local District Court Rule 87.4(b) (emphasis added).  Far from undermining Appellees' view of the law, the Local District Court Rule affirmatively supports it by requiring dismissal of an appeal when an appellant has not filed a statement of issues "as required by" Bankruptcy Rule 8006 and Local Bankruptcy Court Rule 8006-1(A).  Local Bankruptcy Court Rule 8006-1(A) is the very rule, referenced above, that requires dismissal if an appellant "fails to *timely file* a . . . statement of the issues."  (Emphasis added.)  Surely the Local District Court Rule would not have cross-referenced the Local Bankruptcy Court Rule if the District Court viewed that Rule to

be improper.[2]  And Bankruptcy Rule 8006, for its part, *requires* the filing of a statement of issues within 14 days of the filing of the notice of appeal.  Thus, an appellant fails to file a statement of issues "as required by" Bankruptcy Rule 8006 when, as here, its statement is not filed in compliance with the time specified in Bankruptcy Rule 8006.

       7.     Moreover, conferring authority on this Court rather than the District Court in these circumstances makes perfect sense, as the Appeal has not yet been docketed with the District Court.  In this regard, it bears noting that Local District Court Rule 87.4(b), upon which Appellant relies in arguing that only the District Court can dismiss, is titled "Limited Authority of Bankruptcy Court to Dismiss Appeals Prior to Transmittal of Record to District Court."  The title of the rule (in addition to its contents) clearly indicates that it was intended to confirm the Bankruptcy Court's jurisdiction to address motions to dismiss in precisely these circumstances, where the Appeal has not yet been transmitted to the District Court.

       8.     Finally, it is hard to see how the framers of the Local Rules (District and Bankruptcy) could have perceived a principled distinction between the untimely filing of a statement of issues and the failure to file one at all – particularly where, as here, the Statement of Issues was filed only after a Motion to Dismiss invoking the Local Rules had been filed (and, indeed, it appears that, but for the filing of the Motion to Dismiss, the Statement of Issues may *never* have been filed).  It cannot be the case that had the Appellees done nothing, and not alerted the Court of the Appellant's failure to file the Statement of Issues, the Appeal would be subject to dismissal, but by alerting the Court and seeking appropriate relief (which led to the Appellant filing the requisite statement), the Bankruptcy Court was deprived of jurisdiction.

---

[2] This is particularly true in light of Bankruptcy Rule 9029, which provides that all local bankruptcy rules are subject to the oversight of the District Court.

9.    In sum, under the plain language of the Local Bankruptcy Court Rules and the Local District Court Rules, this Court has the authority to, and should, dismiss the Appeal.[3]

**B.    The Appellant Has Not Demonstrated Excusable Neglect**

10.    In seeking an enlargement of time to file its Statement of Issues, the Appellant relies on Bankruptcy Rule 9006(b), which provides that certain deadlines contained in the Bankruptcy Rules may be extended on the grounds of "excusable neglect."   (Motion to Enlarge ¶ 3.)[4]  The sole grounds advanced in support of this defense are as follows:

> The error was the result of a dependence on an incomplete statement in the court clerk's notice of the deadline contained in the daily ECF filing summary provided to the parties.

(Motion to Enlarge ¶ 4.)  In support of its argument, the Appellant attaches the declaration of its counsel's legal assistant, Jennifer Mahaffey (the "Mahaffey Declaration").

11.    The Appellant's asserted justification is insufficient to rise to the level of excusable neglect for a host of reasons, both factual and legal.

**1.    The Facts Do Not Support Appellant's Excusable Neglect Defense**

12.    First and foremost, the factual predicate for Appellant's excusable neglect defense is completely lacking.[5]   The Appellant attempts to pin the blame for its error on supposedly "incomplete" (but not inaccurate) information from the court clerk.  Leaving aside whether the provision of "incomplete" information by a court clerk could ever give rise to excusable neglect (an issue discussed below), the assertion that the clerk provided incomplete

---

[3] In the event the Court determines that the Motion to Dismiss should have been directed to the District Court, the Appellees respectfully request that the Motion to Enlarge be heard by the District Court as well, such that both motions be heard together.

[4] To the extent the Appellant asserts that deadlines may be extended for "good cause" (*see* Motion to Enlarge ¶ 3), this is not an accurate characterization of Bankruptcy Rule 9006(b).  The Rule allows for an extension of a deadline that has already expired only upon a showing of "excusable neglect."

[5] The Appellant bears the burden of proof in establishing excusable neglect.  *See In re Intelligent Medical Imaging, Inc.*, 262 B.R. 142, 147 (Bankr. S.D. Fla. 2001) (party seeking extension of time bears the burden of proving excusable neglect).

information is simply false.  While the Appellant focuses on the text of a single docket entry (DE# 9473), it completely ignores a separate docket entry (DE# 9477) that reflects that the clerk did, in fact, inform the Appellant of the relevant deadline for the filing of its Statement of Issues.

13.    Specifically, Docket Number 9477, filed on August 14, 2013, is a "Clerk's Certification of Mailing of Notice of Appeal" (the "Clerk's Certification").[6]  The Clerk's Certification, which was filed on the docket and which indicates it was also mailed to Wilmington Trust and its counsel, includes as an exhibit a document entitled "Clerk's Instructions for Appeals" (the "Clerk's Instructions").  Paragraph 1 of the Clerk's Instructions states, in unambiguous terms, that:

> Within 14 days after filing the notice of appeal or entry of an order disposing of the last timely motion of a type specified in Bankruptcy Rule 8002(b) (whichever is later), or entry of an order by the District Court granting leave to appeal, the appellant shall file with the clerk of the bankruptcy court a designation of the items to be included in the record on appeal *and a statement of issues to be presented* (Bankruptcy Rule 8006).

(Emphasis added.)  In view of the foregoing, it is irrelevant that another docket entry may have referenced only the deadline for the filing of the Designation and not the deadline for the filing of the Statement of Issues.  The Appellant was put on notice of *both* deadlines by the Clerk's Certification.

14.    Moreover, even in the absence of the Clerk's Certification, the Mahaffey Declaration would not provide an adequate factual predicate for the Court to find excusable neglect.  The Declaration addresses only the actions Ms. Mahaffey took in connection with the filing of the Notice of Appeal.  It says nothing at all about the actions of Appellant's counsel, who would be the relevant party for these purposes.  In the absence of evidence concerning

---

[6] A copy of the Clerk's Certification is attached hereto as **Exhibit A**.

7

counsel's decisions, mistakes, knowledge, or reliance, Ms. Mahaffey's Declaration is simply irrelevant.

15.     In sum, even if the court clerk had not provided "complete" information to the Appellant (and it did), the Mahaffey Declaration is not supportive of Appellant's excusable neglect defense because there is nothing in the Declaration that links the allegedly "incomplete" information on the docket with the Appellant's failure to calendar the deadline or its supposed lack of knowledge of the deadline.  There is no evidence at all of any actual reliance by counsel (or any other decision-maker) on the "incomplete" information on the docket.

### 2.     Even Assuming the Truth of Appellant's Version of the Facts, Appellant's Excusable Neglect Defense Fails as a Matter of Law[7]

16.     Of equal importance to the foregoing factual deficiencies, the excusable neglect defense also fails as a legal matter.  Under the Supreme Court's decision in *Pioneer*, factors relevant to excusable neglect include:  "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 395 (1993).

17.     Notably, however, the excusable neglect defense does not apply when a deadline has been missed due to ignorance or misunderstanding of clear law.  Specifically,

---

[7] In its Response, the Appellant requests that the Court "suspend" the requirements of Local Bankruptcy Court Rule 8006-1 pursuant to its authority under Local Bankruptcy Court Rule 1001-1(E).  (Response ¶ 5.)  Though not phrased as such in the Response, it is apparent from the factors cited in support of Appellant's request that this argument amounts to a request that Court excuse the untimely filing on the grounds of "excusable neglect" – and, as noted, this is the argument upon which the Appellant relies in its Motion to Enlarge.  To the extent the Appellant argues that Local Bankruptcy Court Rule 1001-1(E) somehow supplants Bankruptcy Rule 9006(b) or provides a separate source for an extension of time, this argument is misplaced.  Bankruptcy Rule 9006(b) is a specific provision governing the propriety of granting an extension of deadlines set forth in the Bankruptcy Rules.  Local Bankruptcy Court Rule 1001-1(E), by contrast, is a generic provision that does not address extension of deadlines – and that, in any event, does not purport to apply to the Bankruptcy Rules (such as Rule 8006), as opposed to the Local Bankruptcy Court Rules.  Finally, even if Local Bankruptcy Court Rule 1001-1(E) were the governing standard for extension of a deadline contained in the federal Bankruptcy Rules, the same analysis set forth in this Part B should apply, and would militate against such an extension.

following *Pioneer*, the Eleventh Circuit has held that the existence of the four-part *Pioneer* test "does not change existing law that a lawyer's misunderstanding of clear law cannot constitute excusable neglect." *Advanced Estimating System, Inc. v. Riney*, 130 F.3d 996, 998 (11th Cir. 1997). In other words, "[t]he ancient legal maxim continues to apply: ignorance of fact may excuse; ignorance of law does not excuse." *Id.* at 999. Cases adopting this rule are abundant, both within the Eleventh Circuit and elsewhere.[8] The rule is consistent with the Supreme Court's observation in *Pioneer* that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer*, 507 U.S. at 392.

18.     In view of the Eleventh Circuit's decision in *Riney* and the related authority cited above, it seems unlikely that a movant, such as the Appellant, whose only excuse for a tardy filing is its own misunderstanding or ignorance of a clear legal rule (such as Rule 8006), could ever establish excusable neglect. As noted in *Riney*, the excusable neglect defense applies only to mistakes of fact, not mistakes of law. *See* 130 F.3d at 999. Here, the only conceivable mistake of fact would be a failure to know of the existence, contents of, or applicability of Rule 8006. Such ignorance of the procedural rules would be unlikely to ever give rise to excusable neglect. *See id.*[9] But more to the point, Appellant clearly *did* know that

---

[8] *See, e.g., Hansjurgens v. Bailey (In re Bailey)*, No. 12-14626, 2013 WL 2492940, *2 (11th Cir. June 11, 2013) ("under *Riney*, an attorney's misunderstanding of the law is not a sufficient basis for finding excusable neglect in failing to comply with a deadline"); *Cordell v. Pac. Indem. Co.*, 335 F. App'x 956, 960 (11th Cir. 2009) ("mistakes concerning the various rules do not constitute excusable neglect"); *Capitol Indemnity Corp. v. Heidkamp (In re Steve A. Clapper & Assocs.)*, 346 B.R. 882, 886 (Bankr. M.D. Fla. 2006) ("Misunderstanding of the rules governing appeals in Bankruptcy does not constitute 'excusable neglect.'"); *Bokay Co. v. Celotex Corp. (In re Celotex Corp.)*, 232 B.R. 493, 496 (M.D. Fla. 1999) ("it is now established in the Eleventh Circuit 'that, as a matter of law, [a] lawyer's failure to understand clear law cannot constitute excusable neglect'") (quoting *Riney*); *Prizevoits v. Indiana Bell Tel. Co.*, 76 F.3d 132, 133 (7th Cir. 1996) ("The excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules.") (citation and quotation omitted).

[9] *See also Fisher Island Ltd. v. Fisher Island Invs., Inc.*, 518 F. App'x 663, 667 (11th Cir. 2013) ("counsel is required to pay heed to impending deadlines and filings that must be made to protect the client's interests" and "[n]or does counsel's inattention to filing deadlines ordinarily constitute excusable neglect"); *United States v. Davenport*, 668 F.3d 1316, 1324 (11th Cir. 2012) ("an attorney's failure to understand or review clear law cannot, as a categorical matter, constitute excusable neglect to relieve a party from the consequences of failing to comply with a statutory deadline"); *U.S. v. Freeman (In re Lykes Bros. Steamship Co., Inc.)*, No. 8:09-cv-1044-T-23, 2009 WL

the Rule existed and that it applied to the Appeal – *because it cited the Rule in its timely filed Designation*.  (*See* Designation at page 1.)  Thus, even if ignorance of the rule were an excuse – and it is not – Appellant cannot credibly establish such ignorance.[10]

19.    In any event, to the extent that the foregoing does not dispose of Appellant's excusable neglect defense as a matter of law, a consideration of the relevant *Pioneer* factors, i.e., (i) reason for the delay, (ii) prejudice to the debtor and (iii) length of the delay, weighs against a finding of excusable neglect.[11]

20.    <u>First</u>, even assuming that the Appellant's version of the facts were true – i.e., that the court clerk had provided "incomplete" information – there is no good reason for the Appellant's delay in filing the Statement of Issues.  The Appellant, as noted, clearly knew of the existence and relevance of Rule 8006, as it cited the rule in its Designation.  Thus, its assertion that it relied on incomplete information from the clerk rings hollow.  Moreover, the language of the Bankruptcy Rules and the directives from the court clerk are clear and unambiguous, and Appellant had no reason to be confused as to the proper course of action.  *Compare with Pioneer*, 507 U.S. at 398 (notice of bar date was "outside the ordinary course" and contained a "dramatic ambiguity").[12]   The docket entry upon which Appellant relies did not provide Appellant with any *inaccurate* information; it correctly stated the deadline for the filing of the Designation and said nothing about the deadline for the filing of the Statement of Issues.  Surely

3157630, *2 (M.D. Fla. Sept. 28, 2009) ("counsel's ignorance of the procedural rules could not excuse the timely filing of the notice of appeal").

[10] *See, e.g., Burgos v. Pergament*, No. 11-cv-5257(JFB), 2012 WL 3929953, at *5 (E.D.N.Y. Sept. 10, 2012) (dismissing appeal for failure to comply with deadlines for filing appellant brief, noting that "[l]ack of familiarity with the rules is not a sufficient explanation to constitute excusable neglect" in light of the fact that, among other things, upon filing the notice of appeal, the court clerk mailed a notice providing information regarding the timeline for filing and service of briefs).

[11] Appellees have no reason to believe that Appellant acted in bad faith in failing to file the Statement of Issues.

[12] *See also Bautista v. Midfirst Bank (In re Bautista)*, 235 B.R. 678, 682 (Bankr. M.D. Fla. 1999) (distinguishing *Pioneer* on these grounds and holding that "[c]ounsel for the Bautistas' clerical error or oversight does not constitute excusable neglect").

Appellant could not have reasonably (or excusably) assumed that the failure to mention the Statement of Issues in the docket text meant that it was not required to file a Statement of Issues *at all*.

21.    Indeed, the Court's CM/ECF External User's Guide, available on the Court's website,[13] indicates that upon the filing of a notice of appeal, the accompanying docket entry will always contain the words "Appellant Designation Due [date]" – and will *not* include any separate reference to the date on which a statement of issues is due.  (*See* CM/ECF External User's Guide at Step 10 on page 3-5.)  In addition to the instant Appeal, similar docket entries have appeared at least three other times in this case alone, *see* DE # 1262, 1265, 1808, and in each of those instances the appellants were able to timely file their statement of issues notwithstanding such "incomplete" information.

22.    Second, the Appellees have suffered at least some prejudice.[14]    The Debtors' chapter 11 plan has been confirmed and gone effective.  The delay in the resolution of this appeal, which has been lengthened by Appellant's conduct, delays the distribution of recoveries to the Appellees and has also burdened Appellees with additional costs.[15]

23.    Lastly, although the length of the delay was not great, it seems clear that, but for the filing of the Motion to Dismiss, the Appellants would never have filed their Statement

---

[13] *See* http://www.flsb.uscourts.gov/cm_ecf/ExternalGuide/Atty_Guide_3_PROCEDURES/III,_3_Appeals_Rev-031706.pdf.

[14] While the first prong of the *Pioneer* test refers to "the danger of prejudice to the debtor," courts, including this one, have recognized that consideration of prejudice extends beyond the debtor.  *See In re Continuum Care Servs., Inc.*, 398 B.R. 708, 713 (Bankr. S.D. Fla. 2008) ("Under certain circumstances, including those present here, one must examine the prejudice upon parties other than the debtor.").

[15] The Appellant's argument that the Appellees are not prejudiced by their late filing of the Statement of Issues because "the issues to be presented on appeal match the issues stated and presented in the Appellant's memorandum in the bankruptcy court" (Response ¶ 5) is frivolous.  The fact that issues to be raised on appeal are identical to those presented below could hardly serve to excuse the timely filing of a Statement of Issues.  If that were the case, then the filing of a Statement of Issues would never be necessary at all, as it is black letter law that *new* issues cannot be raised for the first time on appeal.

of Issues.  After all, if, as alleged, the Appellant's basis for not having filed the Statement of Issues is the fact that the court docket does not mention a due date, then there is nothing that would have caused the Appellant to do so.  Moreover, courts have not insisted on extensive delays before dismissing appeals for failure to comply with procedural deadlines.  *See, e.g., Cordell v. Pac. Indemnity Co.*, 335 F. App'x 956 (11th Cir. 2009) (no excusable neglect where notice of appeal filed 3 days late).[16]

---

[16] *See also Fisher Island Ltd. v. Fisher Island Invs., Inc.*, 518 F. App'x 663, 666-67 (11th Cir. 2013) (affirming dismissal of untimely-filed notice of appeal for failure to establish excusable neglect notwithstanding that notice of appeal was ultimately filed six days late); *Hansjurgens v. Bailey (In re Bailey)*, No. 12-14626, 2013 WL 2492940, at *2 (11th Cir. June 11, 2013) (same regarding notice of appeal filed 8 days late).

## CONCLUSION

WHEREFORE, the Appellees respectfully request that the Court grant the Motion to Dismiss, deny the Motion to Enlarge, and grant such other relief as is just and proper.

Dated: November 7, 2013

Respectfully submitted,

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**
Joshua Brody
David E. Blabey, Jr.
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000
jbrody@kramerlevin.com
dblabey@kramerlevin.com
*Admitted Pro Hac Vice*

-- and --

**MARSHALL SOCARRAS GRANT, P.L.**
197 South Federal Highway, Suite 300
Boca Raton, Florida  33432
Telephone: (561) 361-1000
Facsimile:  (561) 672.7581
Email:  lpecan@msglaw.com
*Counsel to the Claimants*

By:        /s/ Lawrence E. Pecan
           LAWRENCE E. PECAN
           Fla. Bar. No. 99086

13

# **EXHIBIT A**