UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | | |
|---|---|---|
| In re: | ) | Chapter 11 Cases |
| | ) | |
| TOUSA, INC., *et al.*, | ) | Case No. 08-10928-JKO |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |
| | ) | |

## LIQUIDATION TRUSTEE'S MOTION FOR AUTHORITY TO PAY UNCLAIMED DISTRIBUTIONS TO REGISTRY OF THE BANKRUPTCY COURT, DEPOSIT RESIDUAL FUNDS WITH COUNSEL FOR LIQUIDATION TRUST, AND RELATED RELIEF

J. Beck & Associates, Inc., as trustee (the "Liquidation Trustee") of the liquidation trust (the "Liquidation Trust") established pursuant to the *Amended Joint Plan of Liquidation of TOUSA, Inc. and Its Affiliated Debtors and Debtors in Possession Under Chapter 11 of the Bankruptcy Code* [ECF No. 9442] (the "Plan"),[2] by and through undersigned counsel, pursuant to sections 105, 350 and 554 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3021 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Article V.I. of the Plan and Article XI of the Liquidation Trust Agreement, moves for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), authorizing the Liquidation

---

[1] The Debtors were: Engle Homes Commercial Construction, LLC; Engle Homes Delaware, Inc.; Engle Homes Residential Construction, L.L.C.; Engle Sierra Verde P4, LLC; Engle Sierra Verde P5, LLC; Engle/Gilligan LLC; Engle/James LLC; LB/TE #1, LLC; Lorton South Condominium, LLC; McKay Landing LLC; Newmark Homes Business Trust; Newmark Homes Purchasing, L.P.; Newmark Homes, L.L.C.; TOUSA, Inc.; TOUSA Texas, LP.; Preferred Builders Realty, Inc.; Reflection Key, LLC; Silverlake Interests, L.L.C.; TOI, LLC; TOUSA Associates Services Company; TOUSA Delaware, Inc.; TOUSA Funding, LLC; TOUSA Homes Arizona, LLC; TOUSA Homes Colorado, LLC; TOUSA Homes Florida, L.P.; TOUSA Homes Investment #1, Inc.; TOUSA Homes Investment #2, Inc.; TOUSA Homes Investment #2, LLC; TOUSA Homes Mid-Atlantic Holding, LLC; TOUSA Homes Mid-Atlantic, LLC; TOUSA Homes Nevada, LLC; TOUSA Homes, Inc.; TOUSA Investment #2, Inc.; TOUSA Mid-Atlantic Investment, LLC; TOUSA Realty, Inc.; TOUSA, LLC; and TOUSA/West Holdings, Inc.; and Beacon Hill at Mountain's Edge, LLC.

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

Trustee to pay unclaimed distribution to the Registry of the Bankruptcy Court, dissolve the Liquidation Trust, and deposit the Residual Funds (defined below) with counsel for the Liquidation Trust, and providing related relief (the "Motion"). In support of this Motion, the Liquidation Trustee respectfully states as follows:

**PRELIMINARY STATEMENT**

1. After more than six years of operating the Liquidation Trust for the benefit of creditors, the Liquidation Trustee's mandate in these chapter 11 cases has been substantially completed and, therefore, by this Motion, the Liquidation Trustee requests authority to pay unclaimed distributions to the Registry of the Court, dissolve the Liquidation Trust, and deposit the Residual Funds with counsel for the Liquidation Trust. Specifically, the Liquidation Trustee submits that the relief requested is appropriate because the Liquidation Trustee has (a) substantially consummated the Plan; (b) completed the claims review and claim reconciliation process, including filing, prosecuting, and resolving numerous claims objections; (c) complied with all of the Trust's financial reporting obligations, including the payment of United States Trustee fees related thereto; (d) substantially completed the liquidation of the estates' assets; (e) completed distributions to holders of allowed secured, administrative, priority and general unsecured claims; and (f) sought and obtained entry of an order authorizing the destruction of the Debtors' and the Liquidation Trust's records [ECF No. 10249]. Accordingly, all that remains at this late stage of the cases are the final payment of United States Trustee fees, the disposition of any Residual Funds, and the closing of these cases, as well as certain post-distribution administrative tasks necessary to complete the wind down of the Debtors' estates and the Liquidation Trust.

## JURISDICTION

2.  The Bankruptcy Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(d).  As set forth in Article X of the Plan, this Court has retained jurisdiction to, among other things, enter a final decree closing the cases.  Venue is also proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTUAL BACKGROUND

**General Background**

3.  On January 29, 2008, the Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").[3]

4.  On August 6, 2013, this Court entered the *Findings of Fact, Conclusions of Law and Order (I) Confirming Amended Joint Plan of Liquidation of TOUSA, Inc. and Its Affiliated Debtors and Debtors in Possession Under Chapter 11 of the Bankruptcy Code, (II) Dismissing the Chapter 11 Cases Against TOUSA Homes, L.P. and (III) Establishing a Bar Date for Lease Rejection Claims* [ECF No. 9441] (the "Confirmation Order").  The Plan went effective on August 21, 2013 (the "Effective Date").

5.  The Plan and the Confirmation Order provided for, *inter alia*, the establishment of the Liquidation Trust for the benefit of the Liquidation Trust Beneficiaries.  Accordingly, on the Effective Date, and pursuant to the terms of the Plan, the Confirmation Order, and the Liquidation Trust Agreement, the Liquidation Trust was established and the Liquidation Trustee was appointed to direct the activities of the Liquidation Trust, subject to the oversight of the

---

[3] Debtor Beacon Hill at Mountain's Edge, LLC filed its chapter 11 petition on October 22, 2008.

3

Liquidation Trust Advisory Board. The Liquidation Trust is currently in its seventh year of operation.

6. The Liquidation Trustee is responsible for, among other things, liquidating and administering the Liquidation Trust Assets, prosecuting the Liquidation Trust Causes of Action and making distributions as provided for in the Plan. *See* Plan, Art. XI.

7. Since the Effective Date, the Liquidation Trustee and the Liquidation Trust's professionals have worked to settle or otherwise resolve all remaining claims and causes of action, including, most significantly, the Transeastern Litigation, the settlement of which was approved by this Court on January 11, 2018 [ECF No. 10200]. Subsequently, the Bankruptcy Court approved settlements that resolved claims or cause of action with respect to the following:

   a. Black Diamond CLO 23005-1 approved on February 27, 2018 [ECF No. 10210];

   b. Stedman Loan Fund II Subsidiary Holding Company II, LLC and Stedman Loan Fund II, Ltd., approved on December 20, 2018 [ECF No. 10227]

   c. Arthur Falcone, Robert Falcone, Edward Falcone, Falcone/TEP Holdings, LLC f/k/a Falcone/Ritchie, Independence Land Development 23, LLC, Live Oak Landbank 2, LLC, Nickmatdan Landbank LLC, Oak Creek Landbank, LLC, Westwood Berkshire Landbank, LLC and WI 825 Partners, LLC, approved April 30, 2019 [ECF No. 10236]; and

   d. Kendall Land Development, LLC, approved July 30, 2019 [ECF No. 10251].

**Winding Down of the Liquidation Trust and Final Distributions**

8. With respect to termination of the Liquidation Trust, the Liquidation Trust Agreement expressly provided as follows:

> If at any time the Liquidation Trustee determines, in reliance upon such professionals as the Liquidation Trustee may retain and in

consultation with the Liquidation Trust Advisory Board, that the expense of administering the Liquidation Trust so as to make a final distribution to the Liquidation Trust Beneficiaries is likely to exceed the value of the assets remaining in the Liquidation Trust, the Liquidation Trustee may apply to the Bankruptcy Court for authority to (i) reserve any amount necessary to dissolve the Liquidation Trust, (ii) donate any balance to a charitable organization (A) described in section 501(c)(3) of the IRC, (B) exempt from U.S. federal income tax under section 501(a) of the IRC, (C) not a "private foundation," as defined in section 509(a) of the IRC and (D) that is unrelated to the Plan Debtors, the Liquidation Trust and any insider of the Liquidation Trustee and (iii) dissolve the Liquidation Trust. Such date upon which the Liquidation Trust shall finally be dissolved shall be referred to herein as the "Termination Date."

Liquidation Trust Agreement, Article XI, ¶11.1.

9. In turn, with respect to winding down, the Liquidation Trust following termination, the Liquidation Trust Agreement further provides:

Continuance of Liquidation Trust for Winding Up. After the termination of the Liquidation Trust and solely for the purpose of liquidating and winding up the affairs of the Liquidation Trust, the Liquidation Trustee shall continue to act as such until its duties have been fully performed and shall continue to be entitled to receive the fees called for by Section 6.2(a) hereof. Upon distribution of all the Liquidation Trust Assets, the Liquidation Trustee shall retain the books, records and files that shall have been delivered or created by the Liquidation Trustee. At the Liquidation Trustee's discretion, all of such records and documents may be destroyed no earlier than two years following the date of final distribution of Liquidation Trust Assets as the Liquidation Trustee deems appropriate (unless such records and documents are necessary to fulfill the Liquidation Trustee's obligations hereunder) subject to the terms of any joint prosecution and common interest agreement(s) to which the Liquidation Trustee may be a party. Except as otherwise specifically provided herein, upon the final distribution of Liquidation Trust Assets, the Liquidation Trustee shall be deemed discharged and have no further duties or obligations hereunder, except to account to the Liquidation Trust Beneficiaries as provided herein, the Liquidation Trust Interests shall be cancelled, and the Liquidation Trust will be deemed to have dissolved.

Liquidation Trust Agreement, Article XI, ¶11.2.

10.     On July 18, 2019, at the request of the Liquidation Trustee, the Court authorized the destruction of the Debtor's records Order at ECF No. 10249]. The physical and electronic books and records that are not required for a final accounting have been destroyed. The Liquidation Trustee will continue to preserve the Liquidation Trust operation records for a period of two years following Final Distribution (defined below) and termination of the Liquidation Trust. As directed in the Plan, all previously returned or undeliverable distributions were "deemed unclaimed property under section 347(b) of the Bankruptcy Code and forfeited at the expiration of six months from the applicable Distribution Date." (Plan, Article V.I.6.) All such "unclaimed property" reverted to the Liquidation Trust for distribution to other creditors and holders of allowed claims, in accordance with Local Rule 3011-1(B)(2), the Plan and the Liquidation Trust Agreement. (Plan, Article V.I.6.)

11.     Thereafter, on December 6, 2019, Liquidation Trustee made a final distribution in the amount of $11,847,557 ("Final Distribution") as follows: (i) $1,929,296 to holders of First Lien Term Loan Claims; (ii) $9,350,820 to holders of Senior Notes; and (iii) $567,441 to holders of General Unsecured Claims, bringing the total amount of distributions from the Liquidation Trust to $559,113.909 on account of 1,333 Allowed Claims. *See Notice of Final Distributions to Holders of Claims* [ECF No. 10255].

12.     Having made this Final Distribution, the Liquidation Trustee has also provided final compensation to Liquidation Trust professionals for the post-distribution wind down and final dissolution of the Liquidation Trust. The Liquidation Trust currently holds a balance of approximately $215,000 ("Residual Funds").

**RELIEF REQUESTED**

13. Upon the expiration of sixty (60) days after the Final Distribution Liquidation Trustee will report to the Court on Final Distribution checks that were delivered to the holders of Allowed Claims but are not negotiated for payment and checks that were returned by mail or undeliverable to the holders of Allowed Claims (together, "Unclaimed Distributions").

14. The Liquidation Trustee proposes, upon the expiration of sixty (60) days after the Final Distribution but in no later than March 2, 2020, to pay the amounts of all Unclaimed Distributions into the Registry of the Bankruptcy Court, to be held and made available for withdrawal in accordance with the provisions of Local Rule 3011-1.

15. Specifically, Local Rule 3011-1(B) provides for a period of 120-days after the final distribution to pay over to the Bankruptcy Court funds remaining unclaimed and to file Local Form "Notice of Deposit of Funds with the U.S. Bankruptcy Clerk" ("Notice of Deposit") The Liquidation Trustee requests that the period be shortened to 60-days to avoid further expense against and dilution of the Unclaimed Distributions. The Notice of Deposit will note in capital letters: "UNCLAIMED DISTRIBUTIONS WILL BE AVAILABLE AND MAY BE CLAIMED FROM THE BANKRUPTCY CLERK."

16. Further, the Liquidation Trustee proposes on or about March 2, 2020, to transfer the Residual Funds to counsel for the Liquidation Trust, Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") to be held as a cost deposit for a period of 5 years for payment of final incidental expenses, including but not limited to U.S. Trustee fees, CT Corporation, and ultimately donated to the Bankruptcy Bar Foundation for the Southern District of Florida, in accordance with the terms of the Liquidation Trust Agreement.[4]

---

[4] Specifically, the Liquidation Trust Agreement provides that the Liquidation Trustee may

7

17. In view of the foregoing, the Liquidation Trustee seeks authority to (i) deposit amounts representing Unclaimed Distributions into the Registry of the Bankruptcy Court, (ii) transfer the Residual Funds to Akin Gump as a cost deposit and ultimately donate such funds to an approved charity, and (iii) dissolve the Liquidation Trust.  After entry of an order approving this Motion, the only tasks remaining are filing tax returns, U.S. Trustee operating reports and financial reports until the final decree.  Liquidation Trustee anticipates filing an application for final decree and his discharge on or before June 30, 2020.

18. This request for the relief set forth in this Motion is made in a good faith effort to eliminate unnecessary administrative costs in winding up and dissolving the Liquidation Trust.

## NOTICE

19. Notice of the Motion has been or will be provided to: (a) the Office of the U.S. Trustee; (b) the Internal Revenue Service; (c) the Securities and Exchange Commission; (d) all creditors; and (e) all parties who have filed notices of appearance and requests for pleadings in the Chapter 11 Cases.  In light of the nature of the relief requested, the Liquidation Trustee respectfully submits that no further notice is necessary.

**WHEREFORE**, Liquidation Trustee respectfully requests that this Court enter an Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein, and granting such other relief as this Court deems just, proper and equitable.

---

donate any balance to a charitable organization (A) described in section 501(c)(3) of the IRC, (B) exempt from U.S. federal income tax under section 501(a) of the IRC, (C) not a "private foundation," as defined in section 509(a) of the IRC and (D) that is unrelated to the Plan Debtors, the Liquidation Trust and any insider of the Liquidation Trustee….

Liquidation Trust Agreement, Article XI. ¶ 11.1.  The Bankruptcy Bar Foundation for the Southern District of Florida qualifies as a charitable organization as contemplated by the Liquidation Trust Agreement.

8

DATED:  January 7, 2020.                    Respectfully submitted,

**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**

By: /s/ *Patricia A. Redmond*
Patricia A. Redmond (Florida Bar No. 303739)
150 West Flagler Street
Miami, FL 33130
Telephone: (305) 789-3553
Facsimile: (305) 789-3395
predmond@stearnsweaver.com

**AKIN GUMP STRAUSS HAUER & FELD LLP**

Daniel H. Golden (New York Bar No. 1133859)
Philip C. Dublin (New York Bar No. 2959344)
Sara L. Brauner (New York Bar. No. 4882262)
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
dgolden@akingump.com
pdublin@akingump.com
sbrauner@akingump.com

*Co-Counsel to the TOUSA Liquidation Trust*

9

## Exhibit A

## PROPOSED ORDER

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

| | | |
|---|---|---|
| In re: | ) | Chapter 11 Cases |
| | ) | |
| TOUSA, INC., *et al.*, | ) | Case No. 08-10928-JKO |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER GRANTING**
**LIQUIDATION TRUSTEE'S MOTION FOR AUTHORITY TO PAY UNCLAIMED**
**DISTRIBUTIONS TO REGISTRY OF THE BANKRUPTCY COURT,**
**DEPOSIT RESIDUAL FUNDS WITH COUNSEL FOR THE LIQUIDATION TRUST,**
**AND RELATED RELIEF**

Upon the motion (the "Motion")[1] of J Beck & Associates, Inc., Liquidation Trustee for the TOUSA Liquidation Trust (the "Liquidation Trustee") for entry of an order authorizing the wind up of the affairs of the Liquidation Trust, including paying Unclaimed Distributions to Registry of the Court, Depositing Residual Funds as cost deposit with counsel for the Liquidation Trust and ultimately donating the balance of Residual Funds, dissolving the

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Liquidation Trust, ("Motion") [ECF No. _____], a hearing was held on _____. Due and proper notice of the Motion was provided to all parties in interest and it appearing that no other or further notice need be provided; and upon the record of the hearing held before this Court; and this Court having jurisdiction over the Motion pursuant to the Plan[2] and 28 U.S.C. § 157; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED AND ADJUDGED** that:

1. The Motion is **GRANTED**.

2. The 120-day time provisions of Local Rule 3011-1 and the Plan for reporting on final distributions are shortened to sixty (60) days as detailed herein.

3. Upon the expiration of sixty (60) days after issuance of the Final Distribution, Liquidation Trustee shall report to the Court on Unclaimed Distributions.

4. On or before March 2, 2020, Liquidation Trustee is authorized to pay the amounts of all Unclaimed Distributions into the Court Registry, to be held and made available for withdrawal in accordance with the provisions of Local Rule 3011-1, and file Local Form "Notice of Deposit of Funds with the U.S. Bankruptcy Clerk" ("Notice of Deposit").

5. The Notice of Deposit is to be served upon potential claimants of the Unclaimed Distributions, noting in capital letters: "UNCLAIMED DISTRIBUTIONS WILL BE AVAILABLE AND MAY BE CLAIMED FROM THE BANKRUPTCY CLERK."

6. On or before March 2, 2020, Liquidation Trustee is authorized to transfer the Residual Funds to Akin Gump Strauss Hauer & Feld LLP, Counsel for the Liquidation Trust

---

[2] Pursuant to Article X of the Plan, this Court retained jurisdiction to, *inter alia*, "resolve any matters related to the Liquidation Trust."

("Akin Gump"), to be held in trust as a cost deposit for a period of 5 years for payment of final incidental expenses, including but not limited to U.S. Trustee fees, CT Corporation..

7. At the expiration of 5 years, Akin Gump is authorized to donate the balance of the Residual Funds to the Bankruptcy Bar Foundation for the Southern District of Florida, or similarly approved charitable organization as described at Article XI. ¶ 11.1 of the Liquidation Trust Agreement.

8. The Liquidation Trustee is authorized and directed to complete all remaining administrative tasks and, upon completion thereof, to file a final report and request for final decree.

# # #

**Submitted by**:

**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**
Patricia A. Redmond (Florida Bar No. 303739)
150 West Flagler Street, Miami, Florida 33130
Telephone: (305) 789-3553
Email: predmond@stearnsweaver.com

- AND –

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Daniel H. Golden (New York Bar No. 1133859)
Philip C. Dublin (New York Bar No. 2959344)
Sara L. Brauner (New York Bar No. 4882262)
One Bryant Park, New York, New York 10036
Telephone: (212) 872-1000

*Co-Counsel to the Liquidation Trust*

(Attorney Redmond is directed to serve conformed copies of this Order upon all interested parties and to file a certificate of service.)

#7924290v5